In re Debra J. MAULIN, Debtor.

Debra J. MAULIN, Plaintiff,

v.

SALLIEMAE; New York State Higher Education Services Corporation, Defendants.

Bankruptcy No. 94–12125 B.
Adv. No. 94–1273 B.

United States Bankruptcy Court,
W.D. New York.

Dec. 6, 1995.

Edwin R. Ilardo, Hamburg, NY, for Plaintiff.

Barry S. Weinstein, Office of Counsel, Albany, NY, for Defendant NYSHESC.

CARL L. BUCKI, Bankruptcy Judge.

The debtor commenced this adversary proceeding to secure the hardship discharge of two educational loans. As with all such controversies arising in the Second Circuit, this relief hinges upon the three part test that the Court of Appeals set forth in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir.1987). At issue in this case is the third prong of that test, whether the debtor has demonstrated a good faith effort to repay her student loans.

Debra Maulin, the debtor herein, filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 22, 1994. As in the normal course, this Court issued its Order of Discharge on October 27, 1994. Among the creditors listed on Ms. Maulin's schedule of liabilities was Salliemae, from which she had secured student loans totalling $5,527.22. To determine the dischargeability of these obligations, the debtor commenced the present adversary proceeding on December 20, 1994. As guarantor of the debt, the New York State Higher Education Services Corporation thereafter accepted an assignment of the student loans, and has been added as a defendant.

Debra Maulin is 41 years of age, divorced, and the mother of an 18 year old daughter. She is a resident of Gowanda, New York, where she had previously worked in the kitchen of a state hospital. That facility, which had been one of the primary employers in the Gowanda area, was closed in the early 1990's. Thereupon, Ms. Maulin enrolled at Jamestown Community College, where she received an associate's degree in business administration in May 1993. It was to finance this course of study that Ms. Maulin secured the educational loans that are now at issue.

Ms. Maulin had returned to school for the purpose of acquiring skills that would lead to new employment. Upon graduation, however, she discovered a job market that was still depressed due to the closing of the state hospital. Unemployed for a year after graduation, she finally obtained a job at a collection agency with offices located 40 miles from the debtor's home. Her current net income totals only $682 per month and is fully committed to legitimate expenses for herself and her daughter. Indeed, the debtor depends upon the generosity of relatives to maintain a minimal standard of living. Unable even to afford counsel, Ms. Maulin has litigated this matter with the pro bono assistance of an attorney assigned through the Volunteer Lawyers Project of the Erie County Bar Association.

Ms. Maulin's prospects for better employment are somewhat limited. At trial, she testified that a permanent back injury precludes any job which might entail the lifting of more than thirty pounds. The debtor described significant efforts to obtain employment, including her use of the placement office at Jamestown Community College. Despite many interviews, she has received no offer for a job more lucrative than her present position.

Section 523(a)(8) of the Bankruptcy Code precludes the discharge of educational loans, with two exceptions. The first applies to obligations that first became due more than seven years prior to the date of bank-

ruptcy filing. Because less than one year transpired between the due date for her student loans' initial instalment and the filing of her petition, Ms. Maulin may rely only on the second exception. This applies when "excepting such debt from discharge ... will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8)(B). Under the test adopted in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d at 396, the debtor will establish undue hardship only if she can demonstrate

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

At least with respect to payment in full of the educational loans,[1] the debtor has satisfied the first and second prongs of the *Brunner* test. Rather, the parties chiefly dispute the good faith character of Ms. Maulin's efforts to repay her obligations. Counsel have stipulated that no payments were ever made on this account. The New York State Higher Education Services Corporation contends that because the debtor made no effort to repay any of the indebtedness, she can hardly be said to have made a good faith effort. Debra Maulin responds that repayment efforts are of no relevance when a debtor is at all times lacking of sufficient income to maintain a minimal living standard.

■ The *Brunner* test has three, not two parts. Because each stands independently, the debtor carries the burden to prove their separate requirements. While the first two prongs focus upon the debtor's state of financial extremis, both now and prospectively, the third prong looks to the debtor's state of mind. The requirement is not one of payment, but of good faith in her efforts to pay.

■ Good faith is a moving target that must be tested in light of the particular circumstances of the party under review. While this Court may not disregard the requirement of a good faith repayment effort, the characterization of that effort must reflect not only a party's objective conduct, but also the environment in which that conduct occurs. In those instances in which the debtor cannot maintain a minimal standard of living even without payment of student loans, the demonstration of good faith does not necessarily command a history of payment. It does require a history of effort to achieve repayment, such as when a borrower diligently uses a deferment period to attempt the reorganization of her financial affairs. On the other hand, for a previously solvent debtor, good faith may require a history of substantial payment. Many are the ways to establish good faith effort. Relevant proof may, but need not necessarily include a history of some payment, the propitious use of deferments, and the energetic exploration of employment options. No one factor is invariably essential or always sufficient. For example, some debtors may wish to avoid use of deferments, so as not to postpone passage of seven years from the initial due date of the educational loans. The exercise of such a choice must be consistent, however, with the good faith character of other repayment efforts. In all cases, the debtor must come forward with evidence of efforts to achieve the same result, that of payment, but through means that reflect a sense of good faith under the circumstances of each particular obligor.

■ In the present instance, Debra Maulin has paid nothing on account of her student loans. While this fact is not by itself determinative, she has presented no other evidence of any meaningful effort to effect repayment. The debtor's testimony indicates that she was aware of options for deferment of the obligations, and that she may even have submitted papers relative to an application for deferment. Nonetheless, she neglected to follow that process to comple-

---

**1.** In light of this decision's holding relative to the third prong of *Brunner*, the Court has not considered whether some smaller portion of the educational loans would otherwise have been non-dischargeable, pursuant to the holding in *In re Raimondo*, 183 B.R. 677 (Bankr.W.D.N.Y.1995).

tion, and no deferment was ever granted. This Court would not expect Ms. Maulin to make payments during her long period of unemployment after graduation. When employment was finally secured in July 1994, however, the debtor could have attempted to use that new source of income to begin some payment of her educational loans. She might have tried, over a reasonable period of time, to use the experience of her new job as a credential for better employment that would permit some repayment. Instead, she proceeded with her bankruptcy plans and filed a petition for relief on July 22.

Debra Maulin has failed to establish, by a preponderance of evidence, the good faith repayment effort that is required under the third prong of the *Brunner* test. That she has experienced adverse economic circumstances may excuse the absence of actual payment, but it cannot excuse a lack of effort. Because the burden of proof rests with the debtor, this Court may not presume her good faith. Although it mandates no particular demonstration, good faith effort does require some evidence beyond a showing of financial incapacity. Having failed to present persuasive proof regarding the good faith of her repayment efforts, Ms. Maulin may not enjoy a discharge of the educational loans. Accordingly, judgment shall be entered in favor of the New York State Higher Education Services Corporation. It being the true party in interest by reason of its acceptance of an assignment of the loans, the complaint shall be dismissed as against Salliemae.

So ordered.