**In re Dulce Maria FUERTES, Debtor.**

**Dulce FUERTES, Plaintiff,**

**v.**

**FLORIDA DEPARTMENT OF EDUCATION, Frank T. Brogan, Commissioner, Defendant.**

**Bankruptcy No. 92–10371–BKC–AJC.
Adv. No. 96–0598–BKC–AJC–A.**

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

June 21, 1996.

---

Barbara Goolsby, Legal Services of Greater Miami, Inc., Miami, FL, for debtor.

Jodi Marvet, Florida Attorney General's Office, Fort Lauderdale, FL.

### AGREED MEMORANDUM DECISION DISCHARGING A STUDENT LOAN AND INCORPORATING FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Chief Judge.

This cause came before the Court upon the agreement of the defendant that plaintiff's student loan should be discharged because it would be an undue hardship upon plaintiff to repay the money.

Having reviewed the petition and other pleadings of record, the Court hereby enters this memorandum decision incorporating its findings of fact and conclusions of law.

### Findings of Fact

1. On January 21, 1992, the plaintiff filed a petition under Chapter 13 of the Bankruptcy Code.

2. In the schedules the plaintiff listed secured debts of $9,443.89 in arrears on a first mortgage on her homestead; $450 in arrears on a second mortgage; and $3,622.79 arrears in property taxes.

3. Plaintiff also owed $1,784.01 to an unsecured creditor.

4. Plaintiff's 60–month Amended Chapter 13 plan was confirmed and provided for an initial payment of $3,400, payments of $650 for months 2 through 55, and a monthly payment of $209 for months 56 through 60.

5. On May 30, 1996, the plaintiff added the defendant as a creditor and amended her schedules to include a student loan debt which is presently $19,816.15 including interest.

6. On May 30, 1996, the plaintiff also filed this adversary complaint seeking to discharge her student loan debt under 11 U.S.C. § 523(a)(8)(B).

7. The Court notes that the plaintiff is a 67–year-old widow who is partially blind in one eye and who is unemployed.

8. The plaintiff's monthly income is a total of $1,198—$580 from Social Security, $529 from a State of Florida pension, and food stamps in the amount of $89 per month.

9. It is unlikely that the plaintiff's unemployed status and income will change in the near future in light of her age and physical impairments.

10. Plaintiff's expenses total $949.80 per month leaving her a bare minimum of $248.20 in disposable income each month with which to pay off the arrears owed to her secured creditors under her Chapter 13 plan in order to keep her home.

### Conclusions of Law

11. Section 523(a)(8) of the Bankruptcy Court provides in relevant part:

## Section 523. Exceptions to discharge.

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or non-profit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

12. Congress designed section 523(a)(8)(B) "to remedy an abuse by students, who immediately upon graduation, filed petitions for bankruptcy and obtained a discharge of their educational loans." *Andrews University v. Merchant (In re Merchant),* 958 F.2d 738, 740 (6th Cir.1992).

13. Section 523 resulted from the concern of Congress about "the perceived rise in bankruptcy filings by students on the brink of lucrative careers." *In re Pelkowski,* 990 F.2d 737, 742 (3rd Cir.1993).

14. The Bankruptcy Code does not define "undue hardship" and the courts have used a number of tests in determining what constitutes an undue hardship.

15. One test requires a debtor to demonstrate "(1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period ... and (3) that the debtor has made good faith efforts to repay the loans." *Brunner v. New York State Higher Educ. Serv. Corp.,* 831 F.2d 395, 396 (2nd Cir.1987); *In re Roberson,* 999 F.2d 1132, 1135 (7th Cir.1993).

16. Other tests have focused on " 'whether there would be anything left from the debtor's estimated future income to enable the debtor to make some payment on his/her student loan without reducing what the debtor and his/her dependents need to maintain a minimal standard of living.' " *Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews),* 661 F.2d 702, 704 (8th Cir.1981).

17. The Sixth Circuit has held that a student loan is within a discharge when the debtor cannot repay the loan while still maintaining a minimal standard of living, when there is no indication that the debtor's financial situation will improve, and when the debtor has not acted in bad faith. *In re Cheesman,* 25 F.3d 356 (6th Cir.1994).

18. In the instant case the plaintiff is a 67–year-old widow who lives in a modest $59,000 home.

19. The plaintiff's income of $1,198 per month and expenses of $949.80 leave a minimal disposable income of $248.20 per month.

20. The plaintiff's secured debts under her Amended Chapter 13 Plan require her to pay all but $1.00 of her disposable income to the Trustee each month to avoid losing her home in a foreclosure.

21. The plaintiff has acted in good faith and has made her plan payments faithfully in a timely fashion and is thus nearing the conclusion of her plan.

22. Because of the plaintiff's age and unemployed status it is unlikely that the plaintiff's financial situation will improve.

23. Under the *Cheesman* test the Court finds that the plaintiff's student loan debt of $19,816.15 owed to defendant, Florida Department of Education, should be discharged because plaintiff could not repay it and still maintain her minimal standard of living; that there is no indication that the plaintiff's financial situation will improve; and that the plaintiff has acted in good faith.

For all of these reasons, the Court finds the plaintiff's student loan debt is entitled to

a discharge as an undue hardship under 11 U.S.C. § 523(a)(8)(B).

DONE and ORDERED.