**In re Kevin S. DERBY and Victoria R. Derby, Debtors.**

**Victoria R. DERBY, Plaintiff,**

**v.**

**STUDENT LOAN SERVICES and New York Higher Education Services Corp., Defendants.**

**Bankruptcy No. 95–11008.
Adv. No. 95–1095.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 21, 1996.

Stephen H. Hutzelman, Erie, PA, for debtors.

Michael J. Graml, Erie, PA, For New York Higher Education Services Corp.

## OPINION [1]

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

This is an action brought by Victoria R. Derby ("Debtor") to determine the dischargeability of her student loan obligation to Student Loan Services and New York State Higher Education Services ("Education Services"). The Debtor seeks a discharge of her student loan obligation based on 11 U.S.C. § 523(a)(8)(B). The Debtor asserts that repayment of the approximately $17,000 obligation would create an "undue hardship." We held an evidentiary hearing on July 30, 1996 and the matter is now ripe for decision.

### Facts

Debtor obtained the first in a series of student loans when she began college in 1988. Debtor obtained additional student loans which enabled her to obtain a bachelor of science degree with a double major in elementary education and psychology in May, 1992. Debtor graduated cum laude. Debtor obtained an additional student loan in August, 1992 and began a master's program. Debtor withdrew from the master's program after the completion of two courses in the Fall, 1992 semester.

Following college, Debtor obtained her New York State teaching certification. From January, 1993 until June, 1995, Debtor taught at the Warren County Christian School. Her earnings have never exceeded $8,000 per year. Debtor has also worked as a substitute teacher. Her latest employment is as a part time secretary 15 hours per week at $5 per hour and thus the Debtor has gross earnings of $75 per week. Debtor will soon give birth to a second child and will be off work for three to four weeks. When she resumes her part time work, she will be able to take her children to work with her. To obtain certification to teach in Pennsylvania, Debtor needs additional college courses.

Debtor was married in July, 1993. Debtor has a 1½ year old child and a second child will soon be born. While Debtor was employed full time, she paid $50 per week for babysitting services.

At the time of the bankruptcy filing, Debtor's husband earned $1,600 per month from his employment. He has been diagnosed as having a manic depressive disorder which has forced him to quit his job. He presently earns $200 per month doing odd jobs.

The family receives $280 per month in food stamps and a $250 per month welfare check. The family acquired their residence from parents in Fall, 1994. Its value is $25,000 and is free of liens. The property is in need of repair. The Debtor's husband's grandmother resides with them and shares expenses.

### Discussion

Under § 523(a)(8)(B), an educational loan is not discharged in a bankruptcy case unless "excepting such debt from discharge ... will impose an undue hardship on the debtor and the debtor's dependents."

The Court of Appeals for the Third Circuit has recently clarified the standard that bankruptcy courts must utilize to determine whether the "undue hardship" exception applies. *In re Faish,* 72 F.3d 298 (3d Cir.1995) *cert. den. Faish v. Pennsylvania Higher Educ. Assistance Agency,* —— U.S. ——, 116 S.Ct. 2532, 135 L.Ed.2d 1055 (1996). In *Fa-*

---

1. This Opinion constitutes this Court's findings of fact and conclusions of law.

*ish*, the Court adopted the three part test set forth by the Court of Appeals for the Second Circuit in *Brunner:*

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Brunner v. New York Higher Education Services Corp.*, 831 F.2d 395, 396 (2d Cir.1987).

The *Faish* Court found that:

> The *Brunner* standard meets the practical needs of the debtor by not requiring that he or she live in abject poverty for up to seven years before a student loan may be discharged. On the other hand, the *Brunner* standard safeguards the financial integrity of the student loan program by not permitting debtors who have obtained the substantial benefits of an education funded by taxpayer dollars to dismiss their obligation merely because repayment of the borrowed funds would require some major personal and financial sacrifices.

*Faish*, 72 F.3d at 305–306.

The Debtor has established her burden as to the first prong of the *Brunner* test. The Debtor is presently living in poverty relying upon welfare benefits to sustain the family. She is unable to maintain a minimal standard of living even without repayment of the student loan.

Second, the Debtor must establish "that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans." This requirement "properly recognizes the potential continuing benefit of an education, and imputes to the meaning of 'undue hardship' a requirement that the debtor show his dire financial condition is likely to exist for a significant portion of the repayment period." *In re Roberson*, 999 F.2d 1132, 1135 (7th Cir.1993).

Unlike the debtor in *Faish*, this Debtor is not earning $27,000 per year and does not have excess funds above the amount of her expenses to place in a savings account. The Debtor's income has never exceeded $8,000 per year since her graduation in 1992. The Debtor needs additional education before meeting the qualifications necessary to teach in Pennsylvania. The Debtor will have two very small children and the Debtor's husband's illness presently prevents him from making a substantial contribution to the family's finances. The husband's prognosis is unknown and his illness may continue well into the future. The financial straits of this Debtor are far more serious than "any short-term, belt-tightening that may [have been] required of Faish in order to repay her student loan obligation." *Faish* at 307. We conclude that the Debtor has satisfied the second element of the *Brunner* test.

Finally, the Debtor must establish that she has made good faith efforts to repay the loans. "The good faith inquiry is to be guided by the understanding that 'undue hardship encompasses a notion that the debtor may not willfully or negligently cause his own default, but rather his condition must result from factors beyond his reasonable control.'" *Faish* at 305 *quoting Roberson* at 1136.

The Debtor has made numerous applications for work both in Western New York and in the Corry area (the location of her present residence). There is no evidence that the Debtor has lived extravagantly while avoiding payment of her student loan obligation. The Debtor and her husband have accumulated no significant personal property. The Debtor simply has never had any funds with which to make payment on her student loans due to her inability to secure significant employment. We find that the Debtor did not willfully or negligently cause her own default.

### Conclusion

We hold that the Debtor has satisfied her burden under the *Brunner* standard and that her entire student loan obligation is dischargeable pursuant to 11 U.S.C. § 523(a)(8)(B). An appropriate Order will be entered.

*ORDER*

This 21 day of August, 1996, in accordance with the accompanying Opinion, it shall be and hereby is ORDERED that the student loan obligation of Victoria R. Derby to Student Loan Services and New York State Higher Education Services Corp. is DISCHARGED.