category, I think I have to deny him the discharge.

At the July 27, 1996, hearing on the motion, the court was not persuaded that the appraiser's valuation was newly discovered evidence:

> I don't think discovering evidence after the fact that was not available at the time of trial involves something that happened after the trial. You're basically saying I'm not the trier of fact, some appraiser that appraised the ring after the trial took place is the trier of fact.

The Debtor argues the court is deferring blindly to the judicial process and the denial of the motion makes no sense, and the court's failure to look at this new piece of evidence is a miscarriage of justice.

A review of the evidence presented indicates the Debtor testified extensively regarding the ring and the circumstances surrounding its purchase, as well as its listing and valuation on his schedules. It is clear that the court was persuaded by the demeanor and testimony of the Debtor as a witness. The trial court is in the best position to judge the credibility of the parties. The court found that the Debtor "knowingly made a false oath" under section 727(a)(4)(A). This is sufficient to deny a discharge. The newly discovered evidence, was merely a valuation of the evidence, and could have been accomplished before the discharge hearing. In addition, this evidence was considered by the court and held insufficient to alter the finding the Debtor knowingly valued the property, not at its true value, but at an amount within the statutory limits. The Debtor has provided no evidence to indicate that the court erred in its ruling.

III. *Exemption of the asset as wearing apparel.*

■ Finally, the Debtor alleges the denial of discharge was in error because the court should have exempted the ring under Cal.Code.Civ.P. § 704.020, as wearing apparel. While wedding rings have been considered apparel under the statute, the testimony by the Debtor indicating the ring had been purchased within the last two years because Katherine liked it, and the listing of two other wedding rings as exempt do not support this allegation.

## CONCLUSION

Review of the record provided indicates the evidence supports the decision of the bankruptcy court denying the Debtor a discharge.

The Debtor did not present evidence to the bankruptcy court that was newly discovered, a requirement for reconsideration under Fed. R.Civ.P. 52, and the court properly denied relief. We AFFIRM.

**In re James and Diane KRING, Debtors.**

**James and Diane KRING, Plaintiffs,**

**v.**

**CITIBANK, N.A., California Student Loan Commission, Defendants.**

Bankruptcy No. 96–10531–H7.
Adversary No. 96–90925–H7.

United States Bankruptcy Court,
S.D. California.

April 15, 1997.

Shirley D. Lyman, El Cajon, CA, for Debtors.

Citibank N.A., Fairport, NY, for Defendant Citibank.

California Student Loan Com'n, Sacramento, CA, for Defendant Cal. Student Loan Com'n.

---

## MEMORANDUM DECISION DENYING REQUEST TO ENTER DEFAULT JUDGMENT

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether James and Diane Kring ("Debtors") have provided the proof necessary to support a default judgment for the dischargeability of their student loans under 11 U.S.C. § 523(a)(8).

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § § 1334 and 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding under § 157(b)(2)(I).

### FACTS

On August 2, 1996, Debtors filed their Chapter 7 petition. On December 6, 1996, Debtors filed a complaint to determine the dischargeability of their student loans. Debtors alleged in their complaint that they took out a loan in the amount of $7,084.06 on or about March 1, 1984, and another loan in the amount of $7,483.02 on or about September 26, 1981. Debtors further alleged that the notes provided that repayment of principal, together with interest thereon, shall be made over a period commencing six months after the student was no longer enrolled in school, and payable in monthly installments of $60.00 regarding James Kring and $65.00 regarding Diane Kring. According to Debtors, due to circumstances which they could not justly be held accountable, they were unable to make the ongoing payments on the notes. Finally, Debtors alleged that their bankruptcy petition was filed seven years after the beginning date of the repayment period of the debt. Debtors requested the Court to find that excepting their debt from discharge would be an undue hardship.

On March 26, 1997, Debtors filed a request to enter a default and a declaration of their attorney in support of the request. Debtors' attorney declared that the complaint was filed and that on January 3, 1997, Debtors served the summons and complaint on defendants, Alaska Student Loan Program.[1]

---

1. The Court notes that Alaska Student Loan Program is not a named defendant in this lawsuit

Debtors' attorney further declared that no answer or responsive pleading had been filed in the case.

The Court returned Debtors' request for entry of default unsigned because Debtors had failed to provide any competent evidence regarding proof of the allegations in the complaint.

Subsequently, Debtors resubmitted another request to enter the default judgment along with their own declaration in support of the request. Debtors' declaration essentially reiterates the allegations stated in the complaint word for word.

### DISCUSSION

Default judgments are governed by Fed.R.Civ.P. 55, which is made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 7055. "Courts have wide discretion in deciding whether or not to enter a default judgment under Fed.R.Civ.P. 55. Bankruptcy courts are accordingly provided the discretion to require proof of the facts necessary to determine a valid claim for relief against the defaulting parties." In re *Beltran*, 182 B.R. 820 (9th Cir. BAP 1995).

Debtors have failed to provide the Court with any competent evidence of facts establishing their claim for relief. Statements that the complaint was served, but not answered, or simply reiterating allegations contained in the complaint are insufficient evidence to prove-up the dischargeability of Debtors' student loans. Legal conclusions, without any supporting facts, are likewise insufficient.

For student loan debt to be dischargeable on the basis of "undue hardship", a debtor must show (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for self and dependents if forced to repay loans, (2) that additional circumstances exist indicating that the state of affairs is likely to persist for a significant portion of the repayment period of the student loans, and (3) that the debtor has made good faith efforts to repay the loans. *Brunner v. New York State*

*Higher Education Services, Corp.*, 831 F.2d 395, 396 (2d Cir.1987); *See In re Holtorf,* 204 B.R. 567 (Bankr.S.D.Cal.1997) (analysis of the good faith prong of the *Brunner* test). There is no evidence before this Court that meets any of the requirements for a discharge based on undue hardship.

Moreover, Debtors have failed to provide any evidence that their petition was filed seven years after the beginning date of the repayment period. *See In re Thorson,* 195 B.R. 101 (9th Cir. BAP 1996).

Accordingly, Debtors' request to enter the default judgment is denied without prejudice.

### CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule Bankruptcy Procedure 7052.

nor does the proof of service show that Alaska    Student Loan Program was ever served.