In re Jon P. GOULET, Debtor.

Jon P. Goulet, Plaintiff–Appellee,

v.

Educational Credit Management Corporation, Defendant–Appellant.

No. 01–C–288–S.

United States District Court, W.D. Wisconsin.

July 11, 2001.

Jeffrey W. Guettinger, Danielson, Guettinger, Richie & Manyseeds, S.C., Eau Claire, WI, for Plaintiffs.

Daniel R. Freund, Freund Law Office, Eau Claire, for Defendants.

## ORDER

SHABAZ, District Judge.

This is an appeal by defendant Educational Credit Management Corporation from a final order of the Bankruptcy Court in an adversary proceeding to determine the dischargeability of plaintiff's student loans as an "undue hardship" pursuant to 11 U.S.C. § 523(a)(B). The following is a summary of the undisputed relevant facts and background.

## BACKGROUND

The debtor is an intelligent man with a long history of drug and alcohol dependency. He obtained a bachelor's degree in history in 1972. He worked as a bartender and restaurant manager between 1972 and 1983. In 1984 he relocated to Eau Claire Wisconsin where he worked as an insurance salesman for four years earning between $20,000 and $31,000 per year. He lost his license to sell insurance in about 1988.

In 1988 he was arrested and convicted of a felony, possessing cocaine with intent to deliver. Thereafter he quit using drugs other than alcohol and entered a rehabilitation program. Notwithstanding the treatment program he continued and continues to have relapses of alcohol use. He worked as a bouncer and bartender from 1988 through 1990.

From 1991 through 1994 the debtor attended the University of Wisconsin Eau Claire completing all the required courses for a masters degree in psychology with a grade point average above 3.7. However, he determined near the end of his course of studies that he would be unlikely to obtain good employment and therefore did not complete his thesis and did not obtain a degree. During these studies he obtained the twenty-one student loans which are the subject of the present proceeding and currently total approximately $77,000. In September 1994 plaintiff requested and received a forbearance agreement on the loans. Thereafter he requested and received additional forbearance agreements, the last being in May of 2000. Prior to the expiration of that forbearance agreement the debtor filed a petition for bankruptcy. He has not made any payment on the student loans.

After he quit the masters program debtor applied and interviewed unsuccessfully for some counseling positions. For three or four years he worked as a bartender at the Eau Claire Country Club earning $6.50 per hour. He also unsuccessfully attempted to sell real estate at jobs that lasted three months and eight months. He is presently employed by Edina Realty as a salesman but has yet to make any sales or obtain any listings.

The debtor is 55 years old. He presently lives with his mother who charges him no rent. He has a $228 monthly child support obligation for his son, for whom he does not have custody. His mother has been paying one-half of that obligation each month.

Based on these undisputed facts the Bankruptcy Court made the following conclusions of law concerning the likelihood that the debtor's inability to repay would persist and the debtor's good faith effort to repay:

> Now, will this state of affairs persist for a significant portion of the repayment period? The evidence is absolutely clear, based on this past history, that it will persist; because during the whole decade of the '90s we see that he hasn't had the capacity to make these payments. So that part of the test is clearly met. . . .

The third part of the test is the debtor must show that he or she has made good faith efforts to repay the loans. In that regard I find that he has, in that he has been in contact with Educational Credit Management Corporation, he sought the deferrals. He hasn't been behind, to my knowledge....

Accordingly, the Bankruptcy Court determined that repayment of the loans would impose undue hardship and therefore the loans are dischargeable.

## MEMORANDUM

■ Student loans are not dischargeable unless excepting them from discharge "will impose an undue hardship on the debtor and the debtor's dependents." § 523(a)(8). In order to establish undue hardship the debtor must demonstrate:

"[U]ndue hardship" requir[es] a three-part showing (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans; (2) that additional circumstances exist indicating that the state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Matter of Roberson,* 999 F.2d 1132, 1135 (7th Cir.1993) (quoting *Brunner v. New York State Higher Edu. Servs. Corp.,* 831 F.2d 395, 396 (2d Cir.1987)).

■ Whether a debtor's circumstances meet the three-prong test for determining undue hardship for discharge of a student loan is a question of law subject to *de novo* review. *Roberson,* 999 F.2d at 1137. The Bankruptcy Court's findings of fact are disturbed only if this Court finds they are clearly erroneous. *Id.*

As in most cases of this type all concede the existence of the first prong. Accordingly, the issue is whether the debtor satisfied his burden to prove the second and third prongs of the test. Accepting all the factual findings of the Bankruptcy Court it is clear that he satisfied neither.

■ Concerning the second prong of the test, the debtor has not "show[n] his dire financial condition is likely to exist for a significant portion of the repayment period." The bankruptcy Court's analysis essentially consisted of finding that the debtor had earned little in the past and therefore was likely to earn little in the future. This is certainly inadequate to fulfill the second prong requirement. This is a debtor whose only significant ongoing obligation is a $228 monthly child support payment, most other necessities being provided by debtor's mother. Virtually any job would permit him to make payments on the loan while satisfying his personal needs. Furthermore, by all accounts including that of the Bankruptcy Court he is "a smart guy" with "great capabilities." Even discounting the unrefuted testimony at trial that he can expect to make a reasonable income as a real estate sales person, common sense requires the conclusion that he could obtain some job which would permit loan payments.

The mere fact that he has earned little in the past cannot be enough to satisfy the test. Where, as here, the debtor is a capable individual with outside financial support and very limited obligations the only reasonable inference is that if he applies some effort he could support himself and make loan payments. Although there was evidence of the debtor's alcoholism, there was no evidence that this precluded his ability to work and affirmative evidence that it did not affect his work. The debtor's circumstances are clearly not the "certainty of hopelessness", which *Roberson*

requires to satisfy the second prong. 999 F.2d at 1136. There is a substantial likelihood that the debtor's present inability to fulfill his financial commitment will not continue and that his future financial circumstances will permit repayment.

 There is even less evidence of any good faith effort to repay. The only fact relied upon by the bankruptcy Court in support of the finding is the debtor's seeking forbearance agreements. Seeking to avoid any payment can hardly be the basis for a finding of good faith effort to repay. Good faith is measured by the debtor's efforts to obtain employment, maximize income and minimize expenses. *Roberson*, 999 F.2d at 1136. The inability to repay must stem from factors beyond his control. *Id.* While there is some evidence of efforts to minimize expenses, there is little evidence of significant efforts to obtain employment or maximize income, nor any effort of intent to apply income (when he had it) to the student loans. Indeed, the debtor testified that he made no attempt to repay the loans. The undisputed evidence of record simply cannot support a finding of good faith effort to repay.

As a matter of law the facts of record do not support a finding that the debtor will endure undue hardship if his student loans are excepted from discharge.

### ORDER

IT IS ORDERED that the decision of the Bankruptcy Court granting the debtor Jon Goulet a discharge of his student loans is REVERSED.