

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2002

# Buzoiu v. PHEAA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1583

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Buzoiu v. PHEAA" (2002). *2002 Decisions*. Paper 727.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/727

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-1583

———————

IN RE:  EUGENIA BUZIOU,

Debtor

EUGENIA BUZIOU

v.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,

Appellant

KEVIN P. CALLAHAN, ESQ.,

Trustee

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 01-05597)
Honorable Mary A. McLaughlin, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
November 8, 2002

BEFORE: MCKEE and GREENBERG, Circuit Judges,
and LIFLAND, District Judge*

———————

*Honorable John C. Lifland, Senior Judge of the United States District Court for the
District of New Jersey, sitting by designation.

(Filed: November 13, 2002)

GREENBERG, <u>Circuit</u> <u>Judge</u>.

The Pennsylvania Higher Education Assistance Agency appeals from an order of the district court entered January 29, 2002, affirming an order of the bankruptcy court of October 3, 2001, determining that the student loan debt owed to appellant by the bankruptcy debtor, Eugenia Buziou, is dischargeable notwithstanding the ordinary exclusion of such a debt from discharge in 11 U.S.C. § 523(a)(8) and from an order of the district court entered January 29, 2002, declining to take judicial notice of certain materials included in appellant's brief filed on the appeal in the bankruptcy court. The appeal arises out of an adversary proceeding that Buziou brought in the bankruptcy court seeking an order that her loans are dischargeable because their repayment would impose an "undue hardship" on her and thus are excluded by 11 U.S.C. § 523(a)(8) from the operation of that subsection. We have jurisdiction under 28 U.S.C. § 158(d).

On this second level appeal we exercise plenary review of the order of the district court affirming the order of the bankruptcy court. <u>See</u> <u>In re Blatstein</u>, 192 F.3d 88, 94 (3d Cir. 1999). On the other hand, we review the bankruptcy court's findings to determine if they are clearly erroneous, though to the extent that we are concerned with its legal determinations we exercise plenary review. <u>See</u> <u>id</u>. We need not set forth a standard of review with respect to the district court's declining to take judicial notice of the materials

the appellant included in its brief in the district court as appellant, though appealing from that order, advances no argument challenging it and thus has abandoned that aspect of its appeal. See Dillinger v. Caterpillar, Inc., 959 F.2d 430, 447 (3d Cir. 1992). Substantively we are concerned on this appeal with the application of the exacting standards for the debtor to obtain a discharge of the debt of the type involved here as set forth in Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987), which we adopted in In re Faish, 72 F.3d 298, 306 (3d Cir. 1995).

We carefully have reviewed this matter and, though aware that Buziou had the burden to demonstrate "undue hardship," id. at 301, do not find any erroneous finding of fact or conclusion of law and consequently will affirm the order of the district court entered January 29, 2002, affirming the order of the bankruptcy court.

————————

TO THE CLERK:

Please file the foregoing not precedential opinion.

/s/ Morton I. Greengerg
Circuit Judge

DATED: November 13, 2002