**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MICHAEL ALLAN FLOYD,
    *Plaintiff-Appellant,*

v.

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION; PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE AGENCY,
    *Defendants-Appellees.*

No. 02-1919

MICHAEL ALLAN FLOYD,
    *Plaintiff-Appellant,*

v.

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY,
    *Defendant-Appellee.*

No. 02-1920

Appeals from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CA-02-1288-7-20, BK-01-2604, AP-01-80124, CA-02-1321-7-20)

Submitted: November 25, 2002

Decided: December 19, 2002

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Michael Allan Floyd, Appellant Pro Se. Kevin Joseph Heiser, NELSON, MULLINS, RILEY & SCARBOROUGH, Columbia, South Carolina; Anna Shedden Gorman, POYNER & SPRUILL, Charlotte, North Carolina; Lillia Ann Gray, COOPER, COFFAS & MEGNA, P.A., Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Allan Floyd appeals from the district court's order reversing the bankruptcy court's order determining that his student loans should be partially discharged pursuant to 11 U.S.C. § 523(a)(8) (2000), because repayment of the loans would constitute an undue hardship. Because we find that the bankruptcy court's determinations were not clearly erroneous, we vacate the district court's order.

Floyd filed a petition for relief under Chapter 7 of the Bankruptcy Code in March 2001, and sought a discharge of his student loan debt based on undue hardship. After a dischargeability hearing, during which Floyd testified as to his employment history and future prospects and his income and expenses, the bankruptcy court determined that Floyd "met his burden of proof, that most of this debt should be discharged based on hardship." The court determined that after paying his monthly expenses, Floyd had about $100 per month that could be applied to the debt. Utilizing that amount for repayment of the loans, the court discharged Floyd's student loan debts, except for $4044.24 owed to Educational Credit Management Corporation ("ECMC") and $887.76 owed to Pennsylvania Higher Educational Assistance Agency ("PHEAA"). The district court reversed the bankruptcy court's order and determined that the full amounts of the loans were non-dischargeable in bankruptcy. Floyd appeals from this order.

Because the district court sits as the appellate court in bankruptcy, this court's review of the district court's decision is plenary. *See Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir. 1988). Using the same standard as the district court, this court will set aside a finding of fact made by the bankruptcy court only if it is clearly erroneous. *See* Bankr. R. 8013; *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *See Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985). The bankruptcy court's conclusions of law are reviewed de novo. *See In re Bryson Props., XVIII*, 961 F.2d 496, 499 (4th Cir. 1992).

Government guaranteed student loans cannot be discharged in bankruptcy unless "excepting such debt from discharge . . . will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). The Second Circuit established a three-part test to determine whether a debtor has shown such "undue hardship." *See Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987). First, the debtor must establish "that she cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans." *Brunner*, 831 F.2d at 396.

Here, the bankruptcy court made factual findings that Floyd is 33 and has no dependents, he borrowed a total of $27,781 in student loans to obtain his teaching certificate, he is currently employed as a service coordinator with Charles Lea Center and his current annual income is $27,950. The bankruptcy court considered Floyd's monthly income and his monthly expenses and determined that Floyd "cannot meet a 'minimal' standard of living if he has to repay the full amount of his student loans." The court found that the purchase of a newer vehicle was reasonable given the mechanical problems Floyd experienced with his old vehicle. The court also found that Floyd's move to another, safer, apartment with a $125 per month increase in rent was not extravagant. We conclude based on these findings, that Floyd met the first prong of *Brunner*. *See In re Correll*, 105 B.R. 302, 306 (Bankr. W.D. Pa. 1989) ("Where a family earns a modest income and the family budget, which shows no unnecessary or frivolous expendi-

tures, is still unbalanced, a hardship exists from which a debtor may be discharged of his student loan obligations.").

The district court disagreed with the bankruptcy court's finding that Floyd could not maintain a minimal standard of living and repay the full amount of the student loans. Notably, the district court suggested that Floyd could search for a roommate to share his one-bedroom apartment, resulting in a reduction in his rent and his household expenses. The district court questioned the necessity of Floyd's stated expenses for a cellular phone bill, internet service, and his pets. The district court questioned whether Floyd could have found a different vehicle for less than the $13,000 he financed to purchase a 1998 Kia. However, the bankruptcy court found that these expenditures were not extravagant or frivolous. Rather, in finding that Floyd had only $100 in disposable income which could be applied to the student loans, the bankruptcy court implicitly found Floyd's current expenses to be reasonable. We find that, although the district court disagreed with the bankruptcy court's factual findings, they were not clearly erroneous. *See Correll*, 105 B.R. at 306 (stating that a debtor is not required to live in poverty in order to satisfy the first prong of *Brunner*).

Under the second prong of *Brunner*, the debtor must show "that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans." *Brunner*, 831 F.2d at 396. The bankruptcy court found that Floyd has "little potential for advancement at Charles Lea Center," and his future pay raises will be limited to an annual cost of living increase. The court also found that, without additional education, "changing employers would not significantly increase [Floyd's] ability to make more money in his field." The bankruptcy court found that Floyd met his burden of proof on this prong, as well.

The district court concluded that the bankruptcy court's findings on this issue were clearly erroneous. The district court based this conclusion on the fact that no evidence was presented at trial other than Floyd's testimony. Also, the court observed that there was no evidence in the record that Floyd attempted to obtain either a higher-paying job or a job with greater potential for advancement. However, Floyd testified that, without additional education, he had reached a

plateau in relation to his income level. He also testified that there is little potential for advancement at his current employment. Contrary to the district court's conclusion, we find that the bankruptcy court did not clearly err in crediting Floyd's testimony and finding that Floyd's financial condition would not likely improve any time in the near future. *See Bryson Props.*, 961 F.2d at 499; *Green*, 934 F.2d at 570.

The third prong under *Brunner* requires "that the debtor has made good faith efforts to repay the loans." *Brunner*, 831 F.2d at 396. The bankruptcy court found that Floyd kept in frequent contact with the lenders, he arranged for a deferral of the loans until he completed school, and then negotiated a forbearance. Based on his income, Sallie Mae allowed Floyd to make partial payments on the loans for about a year. Floyd was then unemployed and could not make further payments. The loans were placed in forbearance. Floyd investigated the possibility of consolidating the loans and other workout options, but the payments would have been too high for him to be able to pay. The district court found no clear error in the bankruptcy court's conclusion that Floyd made a good faith effort to repay his loans. We agree that this prong of the *Brunner* test is also met.

Because the record before the district court fails to show that the bankruptcy court clearly erred in finding that Floyd established undue hardship under *Brunner*, we vacate the district court's order and remand this case to the district court with instructions to reinstate the bankruptcy court's order partially discharging the debts at issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*VACATED AND REMANDED*