OPINION OF THE COURT
PER CURIAM.
Lanny C. Pelliccia appeals an order entered by the United States District Court for the Middle District of Pennsylvania affirming the decision of the United States Bankruptcy Court for the Middle District of Pennsylvania, which dismissed Pelliccia’s complaint seeking to discharge his student loan debt to Appellee, the United States Department of Education (the “Department”). For the reasons stated below, we vacate the judgment of the District Court and remand this case to the Bankruptcy Court for further proceedings consistent with this opinion.
Because we write only for the parties, we need not set forth the factual background of this case. We therefore turn to Pelliccia’s contentions on appeal. Pelliccia argues that the Bankruptcy Court clearly erred in determining that he did not make a good faith attempt to repay his student loans. In reviewing a District Court’s disposition of an appeal from a Bankruptcy Court’s decision, we apply the standard of review that it was appropriate for the District Court to apply. See Solfanelli v. Corestates Bank N.A., 203 F.3d 197, 200 (3d Cir.2000). The District Court was required to review the Bankruptcy Court’s findings of fact for clear error and apply plenary review to its conclusions of law. See In re Krystal Cadillac Oldsmobile GMC Truck, 142 F.3d 631, 635 (3d Cir.1998).
The question before us is whether the discharge of Pelliccia’s student loan was barred by 11 U.S.C. § 523(a)(B)(8). That statute prohibits the discharge in bankruptcy of any debt
for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor’s dependents; ....
11 U.S.C. § 523(a)(B)(8). Pelliccia argues that preventing him from discharging his student loan debts will subject him to undue hardship, and thus that Section 523(a)(B)(8) is inapplicable here. In Pennsylvania Higher Educ. Assistance Agency v. Faish, 72 F.3d 298 (3d Cir.1995), we stated that a debtor claiming that he will *90 suffer an undue hardship of this variety has the burden of proving three elements:
(1) that the debtor cannot maintain, based on current income and expenses, a “minimal” standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans; and (3) that the debtor has made good faith efforts to repay the loans.
Faish, 72 F.3d at 304-05. The Bankruptcy Court found that Pelliccia met the first and second requirements of the Faish test, but not the third. Accordingly, the issue here is whether the Bankruptcy Court clearly erred in finding that Pelliccia did not make a “good faith effort” to repay his loans.
While there is no binding authority explicitly stating that the “good faith effort” requirement in Faish requires a debtor to begin making a good faith effort to repay his loan when the first payment on the loan becomes due, it is clear to us that a debtor should be so required. There is no sound reason to require a debtor solely to make good faith attempts to repay a loan during the year immediately prior to the year in which the debtor files a bankruptcy petition. Accordingly, we hold that a debtor seeking to discharge a student loan obligation on the ground that barring him from doing so would result in undue hardship must prove that he or she made good faith efforts to repay the loan over the entire time period between the date on which the first loan payment became due and the date on which the debtor filed for bankruptcy.
In the instant case, Pelliccia’s loan obligations became due in 1991. Accordingly, Pelliccia was required to demonstrate that he made a good faith effort to repay his loans during the time period between 1991 and the year 2000, when Pelliccia initiated this litigation in the Bankruptcy Court. Pelliccia submitted financial records pertaining to the year 2000 to the Bankruptcy Court, but did not provide the Bankruptcy Court with information pertaining to the years of 1991-1999. It is therefore impossible to decide, on the present record, whether Pelliccia made a good faith effort to repay his loans for the entirety of the relevant time period. Thus, we will vacate the judgment of the District Court and remand this case to the Bankruptcy Court to allow that court to take evidence concerning Pelliccia’s efforts to repay his loans between 1991 and 1999.
We add two points to guide the Bankruptcy Court on remand. First, we defer to the Department’s position that a debtor’s decision to have children should not be considered in determining whether that debtor has made a good faith effort to meet his student loan obligations. Accordingly, the Bankruptcy Court should not take Pelliccia’s decision to have children into account when performing the “good faith effort” inquiry on remand.
Second, we reject Pelliccia’s argument that a debtor who has made financially irresponsible purchases may nevertheless meet the good faith requirement by demonstrating that the debtor would have been unable to repay the loan even if those purchases had not been made. The few courts of appeals that have applied the good faith prong of the Faish test, or good faith inquiries resembling the one mandated by Faish, have focused on the questions whether the debtor (1) incurred substantial expenses beyond those required to pay for basic necessities and (2) made efforts to restructure his loan before filing his petition in bankruptcy. They have not inquired as to whether the debtor could have reasonably expected to acquire a positive *91 cash flow by taking such measures. See United Student Aid Funds v. Pena, 155 F.3d 1108, 1114 (9th Cir.1998) (holding that the debtors acted in good faith where (1) they made some payments on their loans and obtained a deferment prior to filing for bankruptcy; and (2) although they purchased a car after filing their bankruptcy petition, “it was approximately 20 years old when they bought it”); In re Cheesman, 25 F.3d 356, 360 (6th Cir.1994) (finding good faith on the part of the debtors where (1) they “made minimal payments on their loans several years after their loans became due and at least a year before filing for bankruptcy,” and (2) they “chose to work in worthwhile, albeit low-paying, professions”); Brunner v. New York State Higher Educ. Services Corp., 831 F.2d 395, 397 (2d Cir.1987) (holding that the debtor did not make a good faith attempt to repay her loans where she “filed for the discharge [of her loans] within a month of the date the first payment of her loans came due,” and “did so without first requesting a deferment of payment, a less drastic remedy available to those unable to pay because of prolonged unemployment”). None of the above decisions considered the question whether any effort the debtor could have made would have helped him fulfill his obligations.
Pelliccia, however, cites our statement in Faish that “[t]he good faith inquiry is to be guided by the understanding that ‘undue hardship encompasses a notion that the debtor may not willfully or negligently cause his own default, but rather his condition must result from factors beyond his reasonable control’ ” in favor of the proposition that a debtor may excuse his financially irresponsible purchases under the good faith test by showing that those purchases did not cause him to default on his loans. Faish, 72 F.3d at 305 (quoting In re Roberson, 999 F.2d 1132, 1136 (7th Cir.1993)). Since we did not have occasion to apply the good faith test in Faish, however, the above statement is dictum and therefore not binding on this court. See id. at 206 (“[W]e need not decide whether [the debtor] would have satisfied the [good faith] element[] of our new standard.”).
We find the approach employed by the other courts of appeals in performing the good faith test to be persuasive, and we therefore hold that a court inquiring whether a debtor has made a good faith effort to repay a student loan must consider the following factors: (1) whether the debtor incurred substantial expenses beyond those required to pay for basic necessities and (2) whether the debtor made efforts to restructure his loan before filing his petition in bankruptcy. On remand, the Bankruptcy Court should consider these factors in determining whether Pelliccia made a good faith effort to repay his loans during the relevant time period of 1991-2000. We do not reach the question whether Pelliccia made a good faith effort to repay his loans during 2000, preferring to allow the Bankruptcy Court to make that determination in the first instance under the standards we have enunciated. See Equibank, N.A. v. Wheeling-Pittsburgh Steel Corp., 884 F.2d 80, 86 (3d Cir.1989).
For the foregoing reasons, we vacate the judgment of the District Court and remand the case to the Bankruptcy Court for further proceedings consistent with this opinion.