**In re Sherry RYAN, Debtor.**

**Sherry Ryan, Plaintiff,**

**v.**

**Department of Education, Defendant.**

**Bankruptcy No. 03–32111.**
**Adversary No. 03–3112.**

United States Bankruptcy Court,
S.D. Illinois.

May 18, 2004.

---

Sherry Ryan, pro se.

Gerald M. Burke, U.S. Attorney's Office, Fairview Heights, IL, for Defendant.

## OPINION

KENNETH J. MEYERS, Chief Judge.

Debtor, Sherry Ryan, filed a complaint seeking a determination that she is entitled to an "undue hardship" discharge of her student loans. According to the complaint, the balance due on the loans is $12,394.25 plus interest. Debtor alleges that her only income is child support payments; that a car accident in 1999 caused permanent physical injury, including strain on her cervical spine, two bulging discs, and nerve damage; and that her physical injuries have rendered her "unemployable." Debtor further alleges that she was unable to complete her education because she had to care for her children.

Section 523(a)(8) of the Bankruptcy Code provides:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt. . . .

(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend,

*unless excepting such debt from discharge under this paragraph will impose an undue hardship on*

*the debtor and the debtor's dependents . . . .*

11 U.S.C. § 523(a)(8)(emphasis added). Under this provision, debtor must show that repaying the loans would cause her "undue hardship." While the term is not defined in the statute, the Seventh Circuit has adopted a three-part test for determining whether undue hardship exists. Under this test, debtor must prove the following: (1) that she cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loans; *and* (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; *and* (3) she has made good faith efforts to repay the loans. *In re O'Hearn,* 339 F.3d 559, 563 (7th Cir.2003) (emphasis in original) (citing *In re Roberson,* 999 F.2d 1132, 1135 (7th Cir.1993)). Debtor has the burden of proving, by a preponderance of the evidence, each element of the three-part test. *In re O'Hearn,* 339 F.3d at 565.

■■■ In the instant case, even assuming that debtor has established the first element, the Court finds that debtor has failed to prove the second prong of the test. That is, debtor has not shown that because of additional circumstances, her current state of financial affairs is likely to continue for a significant portion of the repayment period. In other words, debtor has not demonstrated the "certainty of hopelessness" required by the Seventh Circuit.[1]

At the trial, debtor testified that because of her chronic pain, she is unable to find steady, permanent employment. Debtor further testified that although she is able to find temporary work during the holiday season each year, it is unlikely, if not impossible, that she could find a permanent job because her physical limitations would cause her to be absent from work for long periods of time. Debtor failed to adequately explain why she is able to work for one to two months every year during the holidays, but is otherwise unable to work. Nor did debtor offer any other evidence in support of her testimony that she cannot find permanent employment.

The Court granted debtor thirty days to provide medical records substantiating her position that she is unable to work because of her injuries and pain. The records submitted by debtor indicate that during the period from October 2000 to April 2004, debtor was seen by her physician a significant number of times for various medical problems, including back and neck pain. It is, however, difficult to discern from the physician's notes what treatment was recommended for the pain, although it appears that a variety of medications were prescribed with recommendations that debtor schedule follow-up visits.

Debtor also submitted a doctor's report from the Orthopedic & Sports Medicine Clinic dated December 18, 2000. The report summarizes the results of debtor's MRI scan and nerve conduction test, and sets forth the recommended course of treatment. Specifically, the report states that debtor has chronic cervical strain, bulging discs, and left carpal tunnel syndrome. The report concludes that "no surgical treatment is recommended," and then notes that debtor was given a prescription for physical therapy to treat the cervical spine, as well as samples of Vioxx.

The Court is sympathetic to the financial strain debtor faces in repaying her student

---

**1.** In *O'Hearn,* the Seventh Circuit stated that "the second prong, future prospects, 'should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment.'" *Id.* at 564 (citing *In re Roberson,* 999 F.2d at 1136).

loans. However, under the strict three-part test adopted by the Seventh Circuit in *O'Hearn*, debtor has the burden of proving "undue hardship." Unfortunately, debtor has failed to satisfy that burden. Nothing in the medical records submitted by debtor verifies that she is either presently unable to work, or will in the future be unable to work, because of physical limitations and/or pain. In fact, debtor's own testimony establishes that she is able to work every year during the holiday season. In the absence of verified documentation from her doctor, debtor's testimony that she cannot maintain a steady, continuous job is simply not supported by a preponderance of the evidence.[2]

Accordingly, the Court finds against plaintiff and in favor of defendant on the complaint.

SEE WRITTEN ORDER.

2. As discussed above, debtor must prove each element of the three-prong test. In light of the Court's finding that debtor has failed to prove the second element, the Court need not determine whether debtor has established the third prong, *i.e.,* whether she has made good faith efforts to repay the loans.