**In re Nancy J. FOLSOM, Debtor.**

**Nancy J. Folsom, Plaintiff,**

**v.**

**United States Department of Education, Defendant.**

**Bankruptcy No. 02–4718–3F7.**
**Adversary No. 02–238.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

July 21, 2004.

Edward P. Jackson, Jacksonville, FL, for Plaintiff.

Ronnie S. Carter, for Defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This proceeding came before the Court upon a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(8). The Court conducted a trial on May 10, 2004. In lieu of oral argument, the Court directed the parties to submit memoranda in support of their respective positions. Upon the evidence and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Plaintiff obtained student loans to fund her education at Jacksonville University where she earned a bachelor's degree in 1988. Thereafter, Plaintiff obtained a master's degree in humanities from Florida State University. In 1996 Plaintiff consolidated her student loans into two loans in the respective amounts of $25,242.50 and $13,624.27. (Pl.'s Exs. 1 and 2.) As of the trial date, Plaintiff owed $52,101.64 on her student loans.

Plaintiff's first student loan payment came due on October 28, 1996. Since she consolidated her loans, Plaintiff has sought and received several deferments and forbearances based upon unemployment and/or economic hardship. During 2001 Plaintiff made two payments of $38.07 on her loans. (Def.'s Ex. 11B.) Plaintiff has made no other payments on the loans.

Plaintiff testified that she suffers from lupus, fibromyalgia, gastroparesis and severe headaches, which debilitate her for up to fifteen days a month. However, Plaintiff conceded that in 1999 a rheumatologist from Mayo Clinic opined that Plaintiff did not have lupus. Plaintiff testified that her medical problems began while she was in elementary school and have progressively worsened. Plaintiff testified that she takes numerous medications and currently sees a neurologist, a rheumatologist, and a general practitioner.

Plaintiff testified that her medical problems have prevented her from maintaining steady employment. During the early 1990's Plaintiff was reprimanded at work for attendance problems. During early 2000 Plaintiff was employed by the Home Shopping Network at an annual salary of

$40,000. However, Plaintiff testified that she left the job after only five or six weeks because of her medical problems. From September 2000 until June 2002 Plaintiff worked at the ELS Language Center at Stetson University teaching English to international students. Plaintiff also left that job because of excessive absenteeism. Thereafter, Plaintiff worked as a secretary for her father until April 2003 when, according to Plaintiff, her medical problems again forced her to stop working. Plaintiff testified that she has not since been employed, has not since sought employment and does not ever expect to have meaningful employment. Other than her testimony, Plaintiff presented no evidence that she suffers from any of the medical conditions she describes or that they affect her ability to work.

Plaintiff earned $24,145.93 during 2001 and $10,493.00 during 2002. (Def.'s Exs. 11B, 11A.) Although Plaintiff did not file a 2003 tax return, Plaintiff's bank statements reflect that during 2003 she received deposits into her bank account of approximately $9,200.00. (Def.'s Exs. 12A, 12B, 12D–12I, and 13A–13E.)

Since her last employment, Plaintiff has subsisted on small donations from friends and family, the proceeds from the sale of her personal property on E–Bay, and food stamps. Plaintiff does not own a car and has no health insurance. Plaintiff testified that because of her medical problems she is not required, as are other food stamp recipients, to actively seek employment. Plaintiff applied for social security disability in March 2004.

At the August 2003 status hearing for this proceeding, the parties requested time to permit Plaintiff to submit her loan discharge application for total and permanent disability to Defendant. Although Plaintiff testified at trial that she had submitted an application to Defendant, Defendant represented in its post-trial brief that as of the trial it had not received an application from Plaintiff.

## CONCLUSIONS OF LAW

Plaintiff contends that her debt to Defendant is not excepted from discharge under § 523(a)(8) which provides in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

11 U.S.C. § 523(a)(8).

■ Although the Bankruptcy Code does not define "undue hardship", In *Hemar Ins. Corp. of America v. Cox*, 338 F.3d 1238, 1240 (11th Cir.2003) the Eleventh Circuit Court of Appeals adopted the undue hardship standard set forth by the Second Circuit Court of Appeals in *Brunner v. New York State Higher Educ. Services*, 831 F.2d 395 (2d Cir.1987). The *Brunner* test for the undue hardship exception to § 523(a)(8) requires a debtor to prove that:

(1) she cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion

of the repayment period of the student loans; and

(3) that he or she has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396.

The Court must first determine whether, given her current income and expenses, Plaintiff can maintain a "minimal" standard of living if forced to repay the loans. A debtor must demonstrate financial resources which allow her to live at or barely above the poverty line as a consequence of student loan payments. *Lawson v. Sallie Mae, Inc.*, 256 B.R. 512, 518 (Bankr.M.D.Fla.2000). Plaintiff's income for 2002 and 2003 was $10,493.00 and $9,200.00 respectively. The Court finds that Plaintiff has maintained a minimal standard of living for the last several years even without making any payments on her student loans and has therefore satisfied the first prong of the *Brunner* test.

Under the second prong of the *Brunner* test, a debtor must prove that additional circumstances exist indicating that the debtor cannot maintain a minimal standard of living for a significant portion of the repayment period if forced to repay the loans. A finding of undue hardship is reserved for the exceptional case and requires the presence of unique or extraordinary circumstances that would render it unlikely that the debtor would ever be able to honor his obligations. *In re Brightful*, 267 F.3d 324, 328–329 (3d Cir.2001). Plaintiff contends that because of her medical problems she will never have meaningful employment and will never be able to make payments on the student loans. Generally, a disability which prevents a debtor from working constitutes additional circumstances sufficient to satisfy prong two of the *Brunner* test. However, bankruptcy courts have held that a debtor whose additional circumstances involve the debtor's health or medical condition must present more than the debtor's unsupported testimony. *See In re Swinney*, 266 B.R. 800, 805 (Bankr.N.D.Ohio 2001) (noting that "[a]lthough such evidence does not have to necessarily consist of extensive expert testimony, such evidence should consist of more than simply bare allegations; that is, whenever a debtor's health, whether mental or physical, is directly put at issue some corroborating evidence must be given supporting the proponent's position.") *Cf. Ryan v. Department of Education, (In re Ryan)*, 310 B.R. 387, 389–390 (Bankr.S.D.Ill.2004) (finding that medical records which acknowledged the debtor's various medical problems but did not specifically find that such problems prevented her from working were insufficient). The Court agrees with the *Swinney* and *Ryan* courts. A debtor who seeks a hardship discharge based on a medical condition must present more than the debtor's testimony as to the existence of the medical condition and its effect on the debtor's ability to maintain employment in order to satisfy the second prong of *Brunner*. Other than her testimony, Plaintiff presented no evidence that she actually suffers from a medical condition or that it will keep her from full-time employment for a significant portion of the repayment period. Accordingly, the Court finds that Plaintiff failed to satisfy the second prong of *Brunner*.

Even if the Court had found that Plaintiff satisfied prongs one and two of the *Brunner* test, the Court finds that Plaintiff did not make good faith efforts to repay her student loans prior to seeking a discharge. Plaintiff made only two payments of $38.07 on her student loans even though she earned over $24,000.00 during 2001. Additionally, Plaintiff did not seek a

loan discharge due to total and permanent disability from Defendant prior to seeking a discharge in this Court.[1] Because Plaintiff failed to satisfy the undue hardship test set forth in *Brunner* and adopted in *Cox*, Plaintiff is not entitled to a discharge of her student loans. The Court will enter a separate judgment in accordance with these Findings of Fact and Conclusions of Law.

## *JUDGMENT*

This proceeding came before the Court upon a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(8). Upon Findings of Fact and Conclusions of Law separately entered, it is

### ADJUDGED:

1. Judgment is entered in favor of Defendant, United States Department of Education, and against Plaintiff, Nancy J. Folsom.

2. Plaintiff's debt to Defendant is excepted from Plaintiff's discharge pursuant to 11 U.S.C. § 523(a)(8).

---

1. If a borrower applies for and meets the eligibility requirements establishing total and permanent disability, the Secretary of Education places the borrower in a conditional discharge status for up to three years and suspends efforts to collect on the debt; if the borrower continues to meet the eligibility requirements for total and permanent disability at the end of the three year conditional discharge period, the Secretary discharges the borrower's debt. *See* 34 C.F.R. 685.213(a) (2004).