PER CURIAM:
 

 Marie Brunner, pro se, appeals from a decision of the United States District Court for the Southern District of New York, Charles S. Haight, Judge, which held that it was error for the bankruptcy court to discharge her student loans based on “undue hardship,” 46 B.R. 752 (Bankr.D.C.N.Y.1985). We affirm.
 

 While this court is obliged to accept the bankruptcy court’s undisturbed findings of fact unless they are clearly erroneous, it is not required to accept its conclusions as to the legal effect of those findings.
 
 Montco, Inc. v. Glatzer (In re Emergency Beacon Corp.),
 
 665 F.2d 36, 40 (2d Cir.1981) (citing
 
 Queens Blvd. Wine & Liquor Corp. v. Blum,
 
 503 F.2d 202 (2d Cir.1974); R.Bankr.P. 810 (current version,
 
 see
 
 R.Bankr.P. 8013);
 
 Bank of Pa. v. Adlman,
 
 541 F.2d 999, 1005 (2d Cir.1976)). Whether not discharging Brunner’s student loans would impose on her “undue hardship” under 11 U.S.C. § 523(a)(8)(B) requires a conclusion regarding the legal effect of the bankruptcy court’s findings as to her circumstances. Therefore, the bankruptcy court’s conclusion of “undue hardship” properly was reviewed by the district court.
 

 As noted by the district court, there is very little appellate authority on the definition of “undue hardship” in the context of 11 U.S.C. § 523(a)(8)(B). Based on legislative history and the decisions of other district and bankruptcy courts, the district court adopted a standard for “undue hardship” requiring a three-part showing: (1) that the debtor cannot maintain, based on current income and expenses, a “minimal” standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans. For the reasons set forth in the district court’s order, we adopt this analysis. The first part of this test has been applied frequently as the minimum necessary to establish “undue hardship.”
 
 See, e.g., Bryant v. Pennsylvania Higher Educ. Assistance Agency (In re Bryant),
 
 72 B.R. 913, 915 (Bankr.E.D.Pa.1987);
 
 North Dakota State Bd. of Higher Educ. v. Frech (In re Frech),
 
 62 B.R. 235 (Bankr.D.Minn.1986);
 
 Marion v. Pennsylvania Higher Educ. Assistance Agency (In re Marion),
 
 61 B.R. 815 (Bankr.W.D.Pa.1986). Requiring such a showing comports with common sense as well.
 

 The further showing required by part two of the test is also reasonable in light of the clear congressional intent exhibited in section 523(a)(8) to make the discharge of student loans more difficult than that of other nonexcepted debt. Predicting future income is, as the district court noted, problematic. Requiring evidence not only of current inability to pay but also of additional, exceptional circumstances, strongly suggestive of continuing inability to repay over an extended period of time, more reliably guarantees that the hardship presented is “undue.”
 

 Under the test proposed by the district court, Brunner has not established her eligibility for a discharge of her student loans based on “undue hardship.” The record demonstrates no “additional circumstances” indicating a likelihood that her current inability to find any work will extend for a significant portion of the loan repayment period. She is not disabled, nor elderly, and she has — so far as the record discloses — no dependents. No evidence
 
 *397
 
 was presented indicating a total foreclosure of job prospects in her area of training. In fact, at the time of the hearing, only ten months had elapsed since Brunner’s graduation from her Master’s program. Finally, as noted by the district court, Brunner filed for the discharge within a month of the date the first payment of her loans came due. Moreover, she did so without first requesting a deferment of payment, a less drastic remedy available to those unable to pay because of prolonged unemployment. Such conduct does not evidence a good faith attempt to repay her student loans.
 

 It is true, however, that considerable time has elapsed since the original filing of Chapter 7 proceedings, and even since the hearing before the bankruptcy judge. We note that Judge Haight’s order was without prejudice to Brunner’s seeking relief pursuant to R.Bankr.P. 4007(a), (b).
 

 Judgment affirmed.