**ILLINOIS STUDENT ASSISTANCE COMMISSION, the Educational Resources Institute, Inc., Hemar Insurance Corporation of America, and United States of America, acting through its Department of Education, Appellants,**

v.

**Roland J. COX, Appellee.**

**No. Civ. 2:01–CV–194–WCO.**

United States District Court, N.D. Georgia, Gainesville Division.

Jan. 9, 2002.

---

Luke Anthony Kill, Scoggins & Goodman, Atlanta, GA, David J. Hershman, phv, Illinois Student Assistance Commission, Chicago, IL, Alonzo H. Long, Office of United States Attorney, Northern District of Georgia, Atlanta, GA, Paul J. Morochnik, Thompson O'Brien Kemp & Nasuti, Norcross, GA, Shayna Michele Steinfeld, Office of Shayna M. Steinfeld, Atlanta, GA, for appellants.

Marilyn Sue Bright, Office of Marilyn Sue Bright, Atlanta, GA, for appellee.

### *ORDER*

O'KELLEY, Senior District Judge.

The captioned case is before the court on appeal from the United States Bankruptcy Court for the Northern District of Georgia. Appellants contend that the bankruptcy court erroneously construed 11 U.S.C. § 523(a)(8) to permit a partial discharge of appellee's student loan indebtedness absent a showing of "undue hardship." 11 U.S.C. § 523(a)(8) (2001). Therefore, appellants argue, this court

must reverse the bankruptcy court's order reducing the principal balance of appellee's student loans from $114,000 to $50,000.

## I. Background

Appellee, an attorney licensed to practice law in Georgia and Michigan, filed an offensive debtor complaint on March 19, 2001, seeking to discharge $114,000 in student loans he accrued while obtaining his J.D. from Thomas Cooley Law School and his L.L.M. in taxation from the University of Alabama [R. 1]. Despite holding a total of four degrees, including an A.A. from Gainesville Junior College and a B.A. from North Georgia College, appellee was unable to secure a job that suited him, so he attempted to establish his own law practice in Cumming, Georgia. Appellee nonetheless found himself unable to simultaneously satisfy his student loan repayment obligations and maintain his law practice, thus he filed the underlying student loan discharge action pursuant to 11 U.S.C. § 523(a)(8), claiming that he could not meet said loan obligations without suffering undue hardship. *See* 11 U.S.C. § 523(a)(8) (2001). Further, appellee secured non-legal employment with his brother's landscaping company, earning a salary of $24,000 per year, and began winding down his law practice.

A trial of this matter was held before United States Bankruptcy Judge Robert E. Brizendine on February 20, 2001 [R. 37 ("Order & J.")]. Judge Brizendine found that (1) appellee is currently unable to maintain a minimal standard of living, given the totality of circumstances; (2) appellee has made good faith efforts to repay his student loans; and (3) given appellee's skills, his current inability to repay his loans is not likely to be a permanent condition [Order & J. ¶¶ 2–4]. Consequently, the bankruptcy court determined that appellee had failed to articulate "undue hardship as contemplated by 11 U.S.C. § 523(a)(8) as would justify total discharge of [appellee]'s student loans" [Order & J. ¶ 4]. Nevertheless, Judge Brizendine ordered appellee's student loan indebtedness reduced by more than 50%—from $114,000 to $50,000—in light of the "magnitude of the ... existing student loans and the accumulation of interest ... [appellee]'s history, expenses, and potential...." [Order & J. ¶ 4].

The Illinois Student Assistance Commission, The Educational Resources Institute, Inc., Hemar Insurance Corporation of America, and the United States of America ("appellants") subsequently petitioned for appellate review of Judge Brizendine's decision [3–1]. Appellants argue that the bankruptcy court improperly interpreted the statutory provision at issue. Specifically, appellants contend that under § 523(a)(8) a court may discharge student loan indebtedness only upon a showing of undue hardship by the debtor. Here, the debtor failed to make the requisite showing. Therefore, they argue, appellee was not entitled to a partial discharge and Judge Brizendine's order reducing appellee's student loans must be reversed. In other words, appellants posit that § 523(a)(8) does not permit a "partial" discharge; once a bankruptcy court determines that undue hardship is lacking, it must dismiss the debtor's § 523(a)(8) complaint.

Appellee, on the other hand, argues that nothing in the language of § 523(a)(8) precludes partial dischargeability and that appellants' "all or nothing" position undermines the bankruptcy system's "fresh start" rationale. Further, appellee contends that 11 U.S.C. § 105(a), which authorizes bankruptcy courts to exercise discretionary equitable powers, weighs in favor of partial dischargeability. *See* 11 U.S.C. § 105(a) (2001) (authorizing bankruptcy courts to "issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of this title."). Although appellee admits that the Eleventh Circuit has not yet addressed the issue, he nonetheless argues that a "majority" of federal courts have approved of partial dischargeability under § 523(a)(8). Appellee essentially argues that in light of the totality of circumstances, the bankruptcy court's decision should be affirmed. Alternatively, appellee suggests that if this court reverses Judge Brizendine's order, it must remand the case to the bankruptcy court so that it may (1) make "undue hardship" findings as to each individual loan; and (2) adjust or clarify its factual findings in light of this court's legal ruling.

## II. Standard of Review

■ In reviewing the decisions of a United States Bankruptcy Court, this court functions as an appellate court. *See* 28 U.S.C. §§ 158(a), (c)(1)(B) (2001); *see also* Fed.R.Bankr.P. 8013. Accordingly, the bankruptcy court's "[f]indings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed.R.Bankr.P. 8013. On the other hand, the bankruptcy court's "legal conclusions ... are reviewed by this court de novo." *Schlein v. Mills,* 8 F.3d 745, 747 (11th Cir.1993). The district court must therefore defer to the bankruptcy court's factual findings if they are supported by substantial evidence but may "freely examine[ ] the applicable principles of law to see if they were properly applied and freely examine[ ] the evidence in support of any particular finding to see if it meets the test of substantiality." *State Farm Mut. Auto. Ins. v. Fielder,* 799 F.2d 656, 657 (11th Cir.1986). Following such an examination, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instruc-tions for further proceedings." Fed. R.Bankr.P. 8013.

## III. Undue Hardship

Congress specifically exempted student loans from dischargeability when it enacted § 523(a)(8). *See* 11 U.S.C. § 523(a)(8) (2001). That section provides, in part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, **unless excepting such debt from discharge under this paragraph will impose an undue hardship** on the debtor and the debtor's dependents. . . .

11 U.S.C. § 523(a)(8) (2001) (emphasis added). In the same breath in which it exempted student loans from dischargeability, therefore, Congress authorized the discharge of student loans upon a showing of "undue hardship" by the debtor. 11 U.S.C. § 523(a)(8) (2001). However, when it drafted § 523(a)(8), Congress failed to define what constitutes "undue hardship."

■ To evaluate undue hardship claims, a majority of federal courts have thus applied the three-part test set forth by the United States Court of Appeals for the Second Circuit in *Brunner v. New York State Higher Education,* 831 F.2d 395 (2d Cir.1987). *See* Jennifer L. Frattini, Comment, The Dischargeability of Student Loans: An Undue Burden?, 17 BANKR. DEV.J. 537, 558 n. 124 (2001) (compiling cases applying or explicitly adopting the *Brunner* test); *In re Rivers,* 213 B.R. 616,

619 (Bankr.S.D.Ga.1997) (referring to *Brunner* as the "leading authority" on the undue hardship exception). To articulate undue hardship within the meaning of § 523(a)(8), the *Brunner* court required proof that (1) the debtor cannot currently maintain a minimal standard of living if forced to repay the loans; (2) this condition is likely to continue throughout the loan repayment period; and (3) the debtor has made good faith efforts to repay the loans. *See Brunner*, 831 F.2d at 396.

If the debtor satisfies this test, the bankruptcy court may thus discharge his student loans pursuant to the undue hardship exception. If the debtor fails to do so, however, it is somewhat unclear whether the bankruptcy court must deny discharge altogether or whether Congress contemplated the "partial" dischargeability of student loan debt under § 523(a)(8). Nevertheless, a majority of the federal appeals courts that have addressed § 523(a)(8) have opined that a debtor's failure to satisfy each prong of the *Brunner* test is fatal to his claim. *See In re Brightful*, 267 F.3d 324, 327–28 (3d Cir.2001); *In re Rifino*, 245 F.3d 1083, 1088–87 (9th Cir.2001); *Matter of Roberson*, 999 F.2d 1132, 1138 (7th Cir.1993); *Brunner*, 831 F.2d at 396–97 (2d Cir.1987). *But see In re Hornsby*, 144 F.3d 433, 438–39 (6th Cir.1998). In other words, the inquiry immediately ends if the debtor fails to meet any of the three *Brunner* requirements, and the debtor's claim must be dismissed. Alternatively, at least one federal appeals court has opined that the discretionary equitable powers conferred upon bankruptcy courts through 11 U.S.C. § 105(a) permit "partial" dischargeability even where the debtor's hardship showing does not rise to the level of being considered "undue." *See In re Hornsby*, 144 F.3d at 438–39 (6th Cir. 1998); *see also In re Lawson*, 256 B.R. 512, 518 (Bankr.M.D.Fla.2000); *In re Rivers*, 213 B.R. 616, 618 (Bankr.S.D.Ga.1997).

For several reasons, this court agrees with the "all or nothing" approach espoused by the United States Courts of Appeals for the Second, Third, Seventh and Ninth Circuits. First, the relevant statutory language is clear and unambiguous on its face; it provides for dischargeability only upon a showing of hardship that is "undue." 11 U.S.C. § 523(a)(8) (2001). Using § 105(a) to infuse general equitable powers into the mix, which would permit student loan dischargeability upon a lesser showing, would thus conflict with the specific mandate in § 523(a)(8). *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206–07, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) (opining that the residual equity powers conferred upon the bankruptcy courts must be exercised within the strict confines of the bankruptcy code). Second, § 523(a)(8) makes no reference to the possibility of "partial" discharge, apportionment, or restructuring of student loan indebtedness. Meanwhile, other provisions of § 523 employ limiting language ("to the extent") that may contemplate such remedies. *See, e.g.,* 11 U.S.C. §§ 523(a)(5), (a)(1)(C)(2) (2001). This suggests that Congress omitted such language from § 523(a)(8) intentionally and, therefore, that courts cannot devise their own equitable remedies in student loan discharge actions. *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) (recognizing that where Congress knows how to say something but chooses not to, its silence is controlling). To do so would be "tantamount to judicial legislation and is something that should be left to Congress, not the courts." *In re Mallinckrodt*, 260 B.R. 892, 904 (Bankr. S.D.Fla.2001). Consequently, it is this court's position that under the "undue hardship" exception to § 523(a)(8), student loans are either dischargeable or non-dischargeable; Congress did not empower

bankruptcy courts to "partially" discharge or otherwise reduce student loan indebtedness absent a showing of "undue hardship."

### IV. Conclusion

In this case, the bankruptcy court determined that appellee's failure to satisfy the second prong of the *Brunner* test (respecting appellee's future ability to repay his loans) was fatal to his showing of undue hardship. The bankruptcy judge nonetheless discharged more than half of appellee's student loans, apparently on grounds that appellee had shown *some* hardship. Because § 523(a)(8) does not authorize such relief, however, the bankruptcy court's September 18, 2001 decision reducing appellee's student loan indebtedness is hereby **REVERSED** [R. 37].