In re MCGINNIS, Sarah P., Debtor.

McGinnis, Sarah P., Plaintiff,

v.

Pennsylvania Higher Education Assistance Agency, Defendant.

Pennsylvania Higher Education Assistance Agency, Movant.

Bankruptcy No. 02–70055.
Adversary No. 02–7004.

United States Bankruptcy Court,
M.D. Georgia,
Valdosta Division.

Dec. 20, 2002.

R. David Bryan, Tifton, GA, for Debtor.

Walter W. Kelley, Albany, GA, trustee.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On November 25, 2002, the court held a hearing regarding the Motion of Pennsylvania Higher Education Assistance Agency ("Defendant") for Summary Judgment. At the conclusion of the hearing, the Court took the matter under advisement. After considering both parties' briefs and oral arguments, and the applicable statutory and case law, the Court makes the following conclusions of law.

## PROCEDURAL HISTORY

On January 14, 2002, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code ("Code"). Pursuant to Bankruptcy Rule 7001(6) ("Bankr.Rule 7001(6)"), Debtor filed an adversary proceeding on February 28, 2002 to determine the dischargeability of her student loan debt.

Except for the issue of whether Debtor's situation would give rise to the level of "undue hardship" required by 11 U.S.C. § 523(a)(8), the parties do not dispute the basic underlying facts. Debtor received a college degree in music history from Birmingham Southern College in 1974. Debtor left the work force in 1980 to care for her two small children. After a divorce, Debtor returned to school in 1990 to receive training as a court reporter. During her six years at Brown College of Court Reporting, Debtor received the loans at issue in this adversary proceeding. Debtor did not graduate from the Brown College program, nor did she pass the exam to become a licensed court reporter. In 1998, Debtor was diagnosed with Guillion Barre' Syndrome. The extent to which Debtor has recovered from Guillion Barre' and how much it affects her current and future job opportunities is disputed by the parties.

Defendant contends that it is entitled to summary judgment as a matter of law because the facts, even as asserted by Debtor, do not rise to the level of undue hardship required by law to discharge student debt. Defendant argues that even if Debtor meets her burden on the first prong of the test as explained in *Brunner v. New York State Higher Education Services Corp. (In re Brunner)*, 831 F.2d 395 (2d Cir.1987)("*Brunner* test"), Debtor cannot sustain her burden under the second prong of the *Brunner* test. *Brunner*, 831 F.2d at 396. The second prong of the *Brunner* test requires Debtor to prove that her dire circumstances will continue for a significant portion of the repayment period for the student loans. *Id.* Defendant urges that with a college education and several years of court reporter train-

ing, Debtor should be able to find adequate employment at some point in the future. Further, Defendant argues that Debtor does not carry her burden on the third prong, the "good faith" prong, of the *Brunner* test because Debtor has only made four payments on the student loans. *Id.* Finally, Defendant argues that *Educational Credit Management Corp. v. Carter (In re Carter)*, 279 B.R. 872, (M.D.Ga. 2002) is not distinguishable factually from this case. *Carter*, 279 B.R. at 874. Defendant contends that the cases relied upon by the court in *Carter* to determine the undue hardship issue were factually similar to the present case. *Id.* at 877–878; *see Brightful v. Pennsylvania Higher Educ. Assistance Agency (In re Brightful)*, 267 F.3d 324 (3d Cir.2001); *In re Roberson*, 999 F.2d 1132 (7th Cir.1993). In fact, Defendant argues that the situations in *Brightful* and *Roberson* were worse than Debtor's situation here. *Brightful*, 267 F.3d at 326; *Roberson*, 999 F.2d at 1133–1134.

Debtor argues that summary judgment should not be granted to Defendant because there are genuine issues of material fact. First, Debtor argues that a genuine issue exists as to whether Debtor will be able to maintain a minimal standard of living for a significant portion of the repayment period if her student loans are not discharged. Debtor contends that her bout with Guillion Barre' has left her with chronic back pain, which interferes with her ability to perform many types of jobs. Debtor argues that as time goes by her ability to get a job will decrease because of her lack of experience, age [1], and chronic back pain, factors that are not within her control. Second, Debtor argues that there is a genuine issue as to whether she made a good faith attempt to repay her loans. Debtor urges that under case law, pay-

ments are not required. A good faith effort to obtain employment, maximize income, and minimize expenses is enough according to Debtor. *See Roberson*, 999 F.2d at 1136; *In re Mallinckrodt*, 274 B.R. 560, 565 (S.D.Fla.2002).

Finally, Debtor contends that *Carter* is factually distinct from the present case. *Carter*, 279 B.R. at 874. In *Carter*, the court found that the debtor's situation would improve over time because the debtor had a college degree in business administration. *Id.* at 878–879. Debtor argues that this is not true for her. While Debtor has a college degree is in music history, she contends that she cannot use this degree without additional education. Further, Debtor points out that she was unable to complete her court reporter degree and never passed the required court reporter exam, even though she tried multiple times. Debtor did begin work as a court reporter under a judicial permit. However, the judicial permit could not be renewed without passing the exam and has since expired.

Additionally, the debtor in *Carter* had no medical disabilities or other causes which would interfere with her future employment. *Id.* at 878. Again, Debtor contends that this is not true for her. Debtor argues that her bout with Guillion Barre' was a key factor in her inability to pass the court reporting exam during her final attempts. Further, Debtor urges that chronic back pain, which is a lingering effect of Guillion Barre', affects her ability to gain other types of employment. Debtor contends that she is facing a "total foreclosure of job prospects in her area of training." *Id.* [quoting *In re Webb*, 132 B.R. 199, 202 (Bankr.M.D.Fla.1991) ]. Further, Debtor argues that age is a significant factor in the second prong of the

---

**1.** Debtor is 50.

*Brunner* test, which looks at a debtor's ability to pay a substantial amount of the debt. The debtor in *Carter* was only 39. *Id.* at 874. Here, Debtor is 50. Debtor argues, with her severely restricted ability to earn more than minimum wage, it is unlikely that she will be able to repay a significant amount of her student loan debt.

Finally, Debtor contends that *Carter* does not establish a rule of law. It states only that the facts in *Carter* do not meet the second prong of the *Brunner* test. *Id.* at 878–879. Debtor argues that if her situation does not rise to the level of an undue hardship, then no case would unless it involved a medical disability. Debtor contends that if Congress had meant to limit "undue hardship" to only medical disabilities, it would have.

### CONCLUSIONS OF LAW

Under 11 U.S.C. § 523(a)(8), Debtor's student loans are nondischargeable unless Debtor can prove that repayment of the loans would subject her to undue hardship. 11 U.S.C. § 523(a)(8) (1993 & Supp.2002). Undue hardship is not defined in the Code but the term has been analyzed by many courts. *See* 11 U.S.C. §§ 101, 523 (1993 & Supp.2002); *see also Brightful,* 267 F.3d at 327–331; *Roberson,* 999 F.2d at 1134–1138; *Brunner,* 831 F.2d at 396–397; *Carter,* 279 B.R. at 875–879.

As spelled out in *Brunner,* the three-prong test: 1) the debtor's current financial situation, 2) future financial situation, and 3) good faith effort towards repayment is widely accepted. *Brunner,* 831 F.2d at 396. In *Carter,* the district court set a very high standard for undue hardship. *Carter,* 279 B.R. at 879.

Under Federal Rule of Civil Procedure 56 ("Rule 56"), applicable to Bankruptcy proceedings under Bankruptcy Rule 7056 ("Bankr.Rule 7056"), Defendant is entitled to summary judgment if there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. FED. R. CIV. P. 56, FED. R. BANKR. P. 7056. However, in the present case genuine issues of material fact remain. The parties disagree vastly on what Debtor's ability is to generate income in the future. Additional evidence is necessary for the court to make this determination. Therefore, summary judgment at this juncture would be inappropriate.

Defendant's Motion for Summary Judgment is denied. An order in accordance with this Memorandum Opinion will be entered.