**In re Michelle J. LAVOIE, Debtor.**

**Michelle J. Lavoie, Plaintiff,**

v.

**The United States Department of Education, SLM Corporation, and the New York State Higher Education Services Corporation, Defendants.**

Bankruptcy No. 02–14339 B.
Adversary No. 02–1245 B.

United States Bankruptcy Court,
W.D. New York.

April 18, 2003.

Kenneth R. Hiller, Amherst, NY, for Plaintiff.

Michael A. Battle, United States Attorney, Jane B. Wolfe, Assistant U.S. Attorney, of counsel, Buffalo, NY, for U.S. Department of Education.

CARL L. BUCKI, Bankruptcy Judge.

The United States has moved to dismiss that portion of the debtor's complaint which seeks to determine the dischargeability of student loans held by the Department of Education. The central issue is whether the plaintiff can establish this cause of action even before these particular student loans have first become due.

Michelle J. Lavoie filed a petition for relief under chapter 7 of the Bankruptcy Code on July 16, 2002, at a time when she was still a student at the State University of New York at Buffalo. In schedules submitted with that petition, Lavoie reported that she owed $112,500 on educational loans held by three creditors, namely the United States Department of Education, SLM Corporation, and the New York State Higher Education Services Corporation. These entities are now defendants in the present adversary proceeding. Commenced by Lavoie less than one week after this court granted an order of discharge on October 17, 2002, this action seeks a declaration that the outstanding student loans are dischargeable as hardship obligations under 11 U.S.C. § 523(a)(8).

In her complaint, Lavoie states that from 1990 to 1994, she attended Buffalo State College, where she obtained an undergraduate degree. Sometime thereafter, she enrolled in a masters program at the State University of New York at Buffalo, and continued in that program through 2002. Presently she works as a librarian at the State University, where she earns approximately $31,000 per year. Lavoie is a divorced mother, has three minor children, and receives no child support. She alleges that she owns no significant non-exempt assets, that she is incapable of making payments on her student loans, and that to require such payments would cause her to suffer an undue hardship. In response, the Department of Education asks that the complaint be dismissed under Bankruptcy Rule 7012(b) and Federal Rule of Civil Procedure 12(b)(6), for failure to state a cause of action. For the reasons stated herein, the court will treat this motion as a request for relief under Bankruptcy Rule 7056 and thereby grants summary judgment to the Department of Education.

Lavoie's complaint seeks relief under section 523(a)(8) of the Bankruptcy Code. This section provides that a discharge under chapter 7 will not discharge an individual from any debt "for an educational benefit overpayment or loan ... unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents." In the Second Circuit, the starting point for any analysis of this provision is the decision of the Court of Appeals in *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395 (2d Cir.1987). Under this holding, the demonstration of "undue hardship" requires a three part showing:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

831 F.2d at 396. In the present instance, Lavoie's position is fundamentally flawed

with respect to the third requirement of a good faith effort to repay.

Through its counsel, the Department of Education represents it that holds 18 loans that were extended to Michelle Lavoie between 1996 and 2002 under the William P. Ford Direct Loan Program, and that the most recent disbursement was made on May 21, 2002. The Department's records confirm that Ms. Lavoie was a student both when she filed her petition for bankruptcy relief and when she commenced the present adversary proceeding. Because she has been a student, the Department of Education has deferred payment on its loans, so that installments will first become due six months after Lavoie finishes her studies. In responding to the motion to dismiss, Lavoie has submitted an affidavit that confirms the Department's essential factual assertions. She acknowledges that she attended school during the fall semester of 2002, that her loans obligations to the Department of Education "are currently in deferment status," and that the loans will first become due in June of 2003.

The third element of the *Brunner* test is that a debtor must have made a good faith effort to repay her student loans. With respect to the loans of the Department of Education for graduate study, Lavoie has not only failed to make a good faith effort to repay. She has made no effort to repay. Under the terms of the loans, repayment is deferred for six months after completion of studies. This deferral allows an opportunity to explore options for the better employment that students hope to derive from higher education. By her own admission, the debtor commenced the present action before the six month period even began. Thus, upon filing her complaint, Lavoie had made no use of the automatic deferment in order to seek a job that would allow her to satisfy the loan obligations without undue hardship. For difficult circumstances, the Department of Education offers a number of payment and deferral programs. By filing her petition and complaint before the loans were due, Lavoie could not have explored these options. She has paid nothing on account of her indebtedness. Clearly, Lavoie has made no good faith effort to repay. Accordingly, by reason of the third prong of the *Brunner* standard, Lavoie may not discharge her obligations to the Department of Education.

On a motion to dismiss for failure to state a claim, the movant must show that based upon the complaint alone, the plaintiff will be unable to establish any possible state of facts that will entitle her to relief. In the present instance, the complaint alleges that Lavoie obtained student loans to finance her undergraduate education, and then after an interlude, accepted additional loans to support her graduate studies. Consistent with that pleading is the possibility that during the interval between college and graduate school, Lavoie might have attempted in good faith to repay certain of her earlier obligations. Having alleged an inability to maintain a minimal standard of living if forced to repay her loans, Lavoie might be able to discharge some of her older debts upon a showing that her subsequent education will not enhance her income potential. However, nothing in the complaint identifies which of the three defendants is now the owner of a loan that was extended at any particular point in the educational process. Accordingly, this court is unable to dismiss the complaint itself for any failure to state a claim. Nonetheless, an alternative basis for disposition is recognized by the following text of Rule 12(b) of the Federal Rules of Civil Procedure:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside

the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Here, outside the complaint, undisputed facts establish the inherent defect of the debtor's claim as against the Department of Education. By means of an affidavit in support of its motion to dismiss, the Department of Education shows that it did not finance the debtor's undergraduate education, but that its loans were given exclusively for graduate studies between 1996 and 2002. Then, in her responding affidavit, Lavoie concedes that these obligations have yet to first become due. For this reason alone, Lavoie will be unable to show any good faith effort to repay the Department of Education. Accordingly, as to this defendant, under the standard in *In re Brunner*, the court must grant summary judgment.

So ordered.