**In re Larry E. COSNER, Debtor.**

**Larry E. Cosner, Plaintiff,**

v.

**U.S. Department of Education, Defendant.**

**Bankruptcy No. 02–14265.
Adversary No. 03–1005.**

United States Bankruptcy Court,
N.D. West Virginia.

Aug. 30, 2004.

Thomas Fluharty, Clarksburg, WV, for Debtor.

Patrick Flatley, Assistant U.S. Attorney, Wheeling, WV, for Defendant.

### Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment

L. EDWARD FRIEND, II, Bankruptcy Judge.

Debtor Larry Cosner brought the instant adversary proceeding alleging undue hardship and seeking discharge of roughly $16,000 in student loan debt under § 523(a)(8) of the Bankruptcy Code. Defendant United States Department of Education answered and then filed a motion to dismiss arguing that debtor's obligation had been reduced to judgment in the U.S. District Court for the Northern District of West Virginia and is no longer a student loan debt. Debtor responded that, although the judgment converted the obligation from one based upon a promise to one now based upon judgment, the underlying character of the debt remains a student loan. The Court then issued an order finding the case not to be a proper § 523(a)(8) student loan discharge matter, but rather a § 522(f) lien avoidance issue. However, the Order refused debtor a forum for a lien avoidance action without meeting his burden for undue hardship under § 523(a)(8) as a preliminary matter. This approach was taken because, although it is well known that a debtor can avoid a judgment lien to the extent that it impairs an exemption to which the debtor would otherwise have been entitled (§ 522(f)(1)(A)), courts are not barred from looking at the true nature of the debt. *Archer v. Warner,* 538 U.S. 314, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003). A trial was scheduled in order for the Court to consider the undue hardship issue, but the parties subsequently stipulated the facts, pro-

vided a transcript of debtor's deposition, and submitted motions for summary judgment for the Court's consideration.

Section 523(a)(8) of the Bankruptcy Code permits an exception to the nondischargeability of student loans. The exception exists when repayment of the student loan would impose an undue hardship on the debtor.

A discharge ... does not discharge an individual from any debt—

\* \* \* \* \* \*

(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, *unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.*

11 U.S.C. § 523(a)(8) (emphasis added).

The Bankruptcy Code supplies no specific guidance as to the determination of undue hardship. Rather, bankruptcy judges are to "exercise discretion in determining whether payment of the debt will cause undue hardship on the debtor and his dependents, thus defeating the 'fresh start' concept of the bankruptcy laws." 4 *Collier on Bankruptcy* ¶ 523.14[2] (15th ed. Revised 2002). Courts have developed a number of tests to determine if a debtors student loans should be discharged under § 523(a)(8). *See e.g., Andrews v. South Dakota Student Loan Assistance Corp. (In re Andrews)*, 661 F.2d 702 (8th Cir.1981); *Bryant v. Pennsylvania Higher Educ. Assistance Agency (In re Bryant)*, 72 B.R. 913 (Bankr.E.D.Pa.1987). A majority of

courts, however, have adopted the three-part test set forth by the court in *Brunner v. New York State Higher Educ. Services Corp. (In re Brunner)*, 831 F.2d 395 (2nd Cir.1987). In *Brunner*, the Second Circuit Court of Appeals adopted a test which required,

a three-part showing: (1) that the debtor cannot, based on current income and expenses, maintain a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Id.* at 396.

In *Ekenasi v. Educ. Resources Inst. (In re Ekenasi)*, 325 F.3d 541 (4th Cir.2003), the Fourth Circuit reviewed a bankruptcy court's application of the *Brunner* factors to determine whether repayment of the student loans will subject the debtor to undue hardship. Because the Court finds that debtor failed to carry his burden most clearly on prong three good faith efforts to repay the loans and that failure alone is sufficient to deny discharge, the other two prongs will not be addressed.

A court must find "that the debtor has made good faith efforts to repay the loans" before discharge can be granted. *Id.* The debtor's motion for summary judgment offers that he has made "some voluntary payments on his student loans (Deposition at page 22) and there have been several wage garnishments and tax offsets against the obligation" as evidence of good faith efforts to repay.[1] The debtor testi-

---

1. The Court has considered a debtor's failure to contest garnishments and tax offsets to be

*partial* evidence of a "good faith efforts to repay." However, in contrast to this case,

fied at his deposition that he made "a couple" of voluntary payments "a long time ago." But he admitted that he could not recall any amounts paid and that most of the $425.12 received by the Department of Education to date has been through involuntary means. Taking that testimony literally, debtor has voluntarily paid less than $212.56 (half of $425.12). Taking it more realistically, he has voluntarily paid next to nothing. Either way, in light of the evidence that debtor has had moderate income in the past (earning roughly $20,000 in 2002), and despite testimony that he made a couple of payments, he has failed to demonstrate good faith efforts to repay his student loans.

Having failed to carry his burden as to prong three of *Brunner*, debtor has failed to show that he is entitled to a § 523(a)(8) undue hardship discharge. Plaintiff's motion for Summary Judgment is therefore **DENIED** and Defendant's Motion for Summary Judgment is **GRANTED.**

Since undue hardship was necessary for debtor to proceed with a lien avoidance action, and since the Court finds that undue hardship standard was not met, debtor is **NOT ENTITLED** to avoid the judicial lien of the U.S. Department of Education under § 522(f) of the Bankruptcy Code.

It is accordingly **SO ORDERED.**

that debtor proved that he also made five voluntary payments totaling over $600 during the course of his indebtedness.