United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-10828
Summary Calendar

In the Matter of: MICHAEL CARTER HOUGH,

                                                    Debtor,

MICHAEL CARTER HOUGH,

                                                    Appellant,

VERSUS

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY; EDUCATION
RESOURCES INSTITUTE; KEY BANK USA; KEY CORP TRUST/AES; AES
                    GRADUATE LOAN CENTER,

                                                    Appellees.

Appeal from the United States District Court
For the Northern District of Texas
Dallas Division
CA 3:03-CV-2329-R

Before DAVIS, SMITH and DENNIS Circuit Judges.

PER CURIAM:[*]

     Appellant Michael Carter Hough ("Hough") challenges the

district court's order affirming the bankruptcy court which held

---

     [*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

that his student loans owed to the Pennsylvania Higher Education Assistance Agency ("PHEAA") were non-dischargeable under 11 U.S.C. § 523 (a)(8). Because the bankruptcy court did not clearly err in finding that Hough failed to show he would suffer an "undue hardship" if his student loans were not discharged, we AFFIRM the district court's judgment.

I.

Hough was diagnosed with bipolar disorder in 1980. Since his diagnosis, he earned J.D. and Masters in Business Administration degrees and worked in various professional fields. Hough graduated from law school in 1995 and passed the Texas Bar Exam in 1996. While in law school, Hough accumulated $72,837.69 in student loans from PHEAA, some of which were guaranteed by The Education Resources Institute ("TERI"), a non-profit group that guarantees student loans. Hough is currently 55 years old and single with no dependents.

In February 2002, Hough filed for voluntary Chapter 7 bankruptcy protection. He then filed an adversarial proceeding against PHEAA and TERI seeking to have his student loans discharged under the "undue hardship" exception in 11 U.S.C. § 523 (a)(8).[2] Hough argued that his bipolar disorder prevents

---

[2]Section 523 (a)(8) of the Bankruptcy Code provides in pertinent part:

    (a)  A discharge under section 727, 1141, 1228 (a), or 1328 (b), of this title does not discharge an individual debtor from any debt-

him, now and in the future, from obtaining and maintaining the gainful employment necessary to repay his student loans. Rejecting this argument, the bankruptcy court held that Hough failed to satisfy his burden of proving "undue hardship" as interpreted by Brunner v. New York State Higher Education Servs. Corp., 831 F.2d 395 (2d Cir. 1987).[3]  To show "undue hardship" under the Brunner test, a debtor must prove:

> (1)  that he cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents;
>
> (2)  that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of his student loans;
>
> (3)  that he has made a good faith effort to repay the loans.

Id. at 396.

## II.

The critical issue before the bankruptcy court was whether

---

> (8)  for an education benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an  educational benefit, scholarship, or stipend, *unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.*

11 U.S.C. § 523 (a)(8) (West 2003) (Emphasis added).

[3]The parties stipulated before the bankruptcy court that Brunner's three-part test was controlling in this case.

Hough satisfied the second prong of <u>Brunner</u>.[4]  After a two and a half day trial, in which Hough represented himself *pro se* and presented evidence and expert testimony regarding both his condition and future employment prospects, the court concluded:

> Debtor's expert and other evidence concerning his future employment prospects was questionable at best. The evidence was certainly belied by Debtor's laudable courtroom activities.  Debtor has legal, evidentiary, and organizational skills.  If he is not able to, or not interested in, work as a lawyer, he may be able to use his skills in debt collection, or as a paralegal, where the stress level would be less.  Such a finding also precludes a finding by the Court of the second prong of the <u>Brunner</u> test.

R. 61.

On appeal to the district court, Hough challenged this factual finding as well as other legal findings from the bankruptcy court, but did not provide the district court with a transcript of the challenged bankruptcy proceedings.  The district court concluded that, without a transcript, it could not review the evidence to assess Hough's argument that the bankruptcy court made incorrect factual findings.  Therefore, the district court dismissed Hough's claim that his student loans were dischargeable.

"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or

---

[4]The parties also stipulated before the bankruptcy court that Hough had satisfied the first prong of <u>Brunner</u>'s three-part test.

4

conclusion." FED. R. APP. P. 10 (b)(2). In addition, we have held that "[t]he failure of an appellant to provide a transcript is a proper ground for dismissal of an appeal." RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1289 (5th Cir. 1995) (internal citation omitted). Thus, the district court correctly declined to weigh the sufficiency of the evidence without a transcript.

Appellant also challenges a number of legal conclusions by the bankruptcy court, such as the finding that, because Hough had a pre-existing condition in this case, he cannot satisfy the second prong of the Brunner test. However, if we accept as true the factual findings of the bankruptcy court, these legal issues become superfluous. Accordingly, the district court's judgment must be affirmed.

## III.

For the foregoing reasons, the district court's judgment is AFFIRMED.

AFFIRMED.