**In re Keith MASON, Debtor.**

**Keith Mason, Plaintiff,**

v.

**Educational Credit Management Corp., et al., Defendants.**

**Bankruptcy No. 03–00147.**
**Adversary No. 03–6122.**

United States Bankruptcy Court,
D. Idaho.

Nov. 9, 2006.

Joseph M. Meier, Cosho, Humphrey, Boise, ID, for Plaintiff.

Scott A. Tschirgi, Givens, Pursley, Boise, ID, for Defendant Educational Credit Management Corporation.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Bankruptcy Judge.

### Introduction

This adversary proceeding is before the Court on remand after an appeal. In or-

---

der to comply with the Ninth Circuit's instructions that further proceedings be conducted consistent with its opinion, the Court issues this decision.

### Procedural History

On January 7, 2004, after trial on the matter, this Court entered a Memorandum Decision finding and concluding that Plaintiff Keith Mason did not meet all the criteria necessary to obtain a hardship discharge of all of his student loan debt owed to Defendant Educational Credit Management Corporation under 11 U.S.C.A. § 523(a)(8). However, the Court determined that Plaintiff qualified for a partial discharge as to some of that student loan debt. A separate Judgment discharging all debt owed by Plaintiff to Defendant in excess of $ 32,400 was entered on January 23, 2004.

Defendant appealed this Court's judgment. The Ninth Circuit Bankruptcy Appellate Panel affirmed, *In re Mason*, 315 B.R. 554 (9th Cir.BAP2004), and Defendant appealed to the Court of Appeals. That court reversed the judgment, *In re Mason*, 464 F.3d 878 (9th Cir.2006), concluding that this Court had committed clear error when it found that Plaintiff had satisfied the third prong of the three-part test set forth in *Brunner v. New York State Higher Educ. Servs. Corp. (In re Brunner)*, 831 F.2d 395 (2nd Cir.1987), relating to the hardship discharge of student loan debt.

This Court then conducted a status conference on September 6, 2006, at which time it solicited the parties' positions concerning what further actions were appropriate and required in light of the Ninth Circuit's decision. This memorandum constitutes the Court's decision regarding how this action should proceed.[1]

### Disposition

The Court of Appeals held that, while Plaintiff had satisfied the other requirements for a hardship discharge, he did not satisfy the third prong of the *Brunner* test, namely that he had made a good faith effort to repay his student loans. As a result, the court concluded Plaintiff had not shown his student loans ought to be discharged under § 523(a)(8). *Mason*, 464 F.3d at 885. And since all three prongs in *Brunner* must be met in order for the Court to grant a partial discharge under *Saxman v. Educ. Credit Mgmt. Corp. (In re Saxman)*, 325 F.3d 1168, 1174 (9th Cir. 2003), the Court of Appeals reversed this Court's decision to grant Plaintiff a partial discharge.

Contrary to the position expressed by Plaintiff at the status conference, in light of the reasoning and conclusions reached by the Ninth Circuit, Plaintiff is not entitled to submit additional evidence or make any additional showing to satisfy the requirements for a hardship discharge. The Ninth Circuit decision makes it quite clear that Plaintiff is not entitled to discharge Defendant's loans under § 523(a)(8).

Accordingly, in obedience to the Ninth Circuit's ruling, this Court will vacate its prior Judgment, and enter a judgment in favor of Defendant which excepts from discharge in bankruptcy all student loan debts Plaintiff owes to Defendant.

---

**1.** On September 28, 2006, after the Ninth Circuit issued its decision and after the status conference, at Defendant's request, the Ninth Circuit recalled its prior mandate, withdrew the prior Memorandum, and issued an Opinion intended for publication. On October 20, 2006, the Ninth Circuit issued a new mandate, and on November 1, 2006, the BAP issued its Second Order After Remand, which remanded the matter back to this Court for further proceedings consistent with the Ninth Circuit's decision.