NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2019[*]
Decided February 11, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2762

| | |
|---|---|
| TODD WILLIAMS, | Appeal from the United States District |
|     *Debtor-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 1:18-cv-1917 |
| UNITED STATES DEPARTMENT OF | |
| EDUCATION and EDUCATIONAL | Elaine E. Bucklo, |
| CREDIT MANAGEMENT | *Judge*. |
| CORPORATION, | |
|     *Defendants-Appellees*. | |

**O R D E R**

After filing for bankruptcy, Todd Williams sought to discharge student-loan debts owed to the United States Department of Education and the Educational Credit Management Corporation. Despite three higher-education degrees, his admitted ability to work full time, and only modest expenses, he argued that repaying anything on his loans would cause him undue hardship, and they should thus be discharged under

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

11 U.S.C. § 523(a)(8). The bankruptcy court denied Williams's request, and the district court affirmed. Because these rulings are not clearly erroneous, we affirm.

Williams racked up hundreds of thousands of dollars in student-loan debt while pursuing three different degrees. He began college in 1982 and, over the next three decades, obtained a bachelor's degree in mathematics, a master's in communications, and a master's in business administration. He financed his degrees with student loans and now owes the defendants more than $400,000 (approximately half to each). Despite his degrees, during the last six years he has worked only part-time as a seasonal worker at a floral shop. He earns about $10,000 annually; his yearly expenses are about $7000 (he lives with his aunt), producing a net annual income of about $3000. After filing for bankruptcy, he agreed with each defendant to a repayment plan that is based on his income. His repayment plan with the Department of Education requires him to pay nothing, and if his circumstances do not change for 25 years, the Department will forgive any remaining balance on this loan. His plan with the Credit Management Corporation is similar; no payment is required for 25 years (though the record does not say whether any balance will then be forgiven). Williams has made only one payment of $140 towards his debt over the last 30 years.

Student loans are presumptively excluded from discharge by 11 U.S.C. § 523, but a debtor may overcome the presumption by showing that repayment would impose an undue hardship. *Id.* § 523(a)(8). This circuit uses the so-called *Brunner* test, under which Williams, the debtor, must show that (1) he cannot maintain a minimal standard of living if forced to repay the loans; (2) his circumstances are likely to persist for a significant portion of the loan repayment period; and (3) he has made good faith efforts to repay the loans. *See In re Roberson*, 999 F.2d 1132, 1135 (7th Cir. 1993) (citing *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)).

The bankruptcy court decided that Williams did not meet his burden. Williams argued that he suffers from learning and speech issues that impede his ability to secure higher-paying work. But he furnished no expert testimony to substantiate his point, he admitted that nothing prevented him from working full time, and his outdated reports from doctors about his health issues were excluded as hearsay. Applying the first prong from *Brunner*, the court decided that, because Williams currently had nothing to pay, he could "pay" his loan and still maintain a minimal standard of living. For the second prong, the court observed that no admissible evidence suggested that Williams could not use his degrees to improve his financial condition. On the third prong, the court ruled that Williams had not made a good-faith effort to repay the loans.

The district court concluded that this decision was not clearly erroneous. It bypassed the first prong (because courts have split on whether a "payment" of zero dollars qualifies as a loan payment for the purpose of determining whether a debtor can maintain a minimal standard of living). But based on the other two prongs, it upheld the refusal to discharge the student debts. It further rejected Williams's novel argument that three laws—the Rehabilitation Act, 29 U.S.C. § 701, the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Individuals with Disabilities Education Act, 20 U.S.C. § 1400—modify the undue-hardship analysis for student-loan discharge.

On appeal, Williams unpersuasively revives his argument that these three statutes modify the undue-hardship analysis for student-loan discharge. These laws regulate those who provide educational and other services or programs to the disabled; they do not purport to modify the bankruptcy code. The correct inquiry for the bankruptcy court was whether refusing to discharge Williams's student-loan debt would impose an undue hardship, *see* 11 U.S.C. § 523(a)(8); *Tetzlaff v. Educ. Credit Mgmt. Corp.*, 794 F.3d 756, 758–59 (7th Cir. 2015). We will reverse the bankruptcy court only if its determination was clearly erroneous. *Id.* at 759.

No clear error occurred here. If Williams continues what he has done for the last 6 years, which he concedes he can do, he need not pay anything on his debts for the next 25 years, at which point at least half the debt will be forgiven. That suggests no hardship. But, like the district court, we can bypass that point. If Williams failed to meet his burden on *any* of the *Brunner* prongs, then the bankruptcy court permissibly denied the discharge. *See Tetzlaff*, 794 F.3d at 758–60. And Williams failed to provide any admissible evidence of a good-faith effort to repay his student loans. *See id.* at 760–61. We look to his past efforts to pay down his loan, "rather than a resolve to pay the debt in the future." *See Krieger v. Educ. Credit Mgmt. Corp.*, 713 F.3d 882, 884 (7th Cir. 2013). Those efforts were virtually non-existent. Despite his three degrees and his admitted ability to work full-time, he has worked only part-time in a floral shop for the last six years. No admissible evidence explains the lack of higher-income work or why he has not, with about $3000 of annual net income, paid more than $140 toward lowering his debts. He contends that the bankruptcy court erred by excluding written reports describing past disabilities, but the court properly excluded them as hearsay. *See* FED. R. EVID. 801. The bankruptcy court thus permissibly ruled that Williams will not face undue hardship if his student-loan debts are not discharged. *See Tetzlaff*, 794 F.3d at 761.

AFFIRMED