# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-40991
Summary Calendar

In the Matter Of: DANNY MICHAEL OSTROM

--------------------------------------------------------------------------------------------------------

DANNY MICHAEL OSTROM,

Appellant-Cross Appellee

v.

EDUCATIONAL CREDIT MANAGEMENT CORP.,

Appellee- Cross Appellant

Appeal from the United States District Court
for the Eastern District of Texas
U.S.D.C. No. 4:06-CV-163

Before REAVLEY, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This appeal arises out of Appellant-Cross Appellee Danny Michael Ostrom's ("Ostrom") attempts to discharge his student-loan debt through a bankruptcy proceeding. The bankruptcy court conducted an adversarial hearing on the matter and denied Ostrom's petition to discharge the debt based on a factual finding that Ostrom had not demonstrated undue hardship as required

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for a discharge. Finding no clear error in the bankruptcy court's determination, the district court affirmed. We AFFIRM for the same reasons.

Factual and Procedural History

In 1965, Ostrom, then 15-years-old, began working as a tile finisher. He continued in this employment until 1990, when he was hospitalized due to a bacterial infection. This affliction prevented Ostrom from continuing to work as a tile finisher and led him to gain roughly 200 pounds, which caused his health problems to worsen. In 1990, the Social Security Administration determined Ostrom to be disabled, and he began receiving disability payments.

Hoping to find new employment, Ostrom pursued other fields and ultimately returned to school to study social work and counseling. Ostrom attended the University of North Texas from 1994 through 2002; there he obtained a Bachelor of Science degree in Social Work and a Master of Science degree in Counseling. To fund this education, Ostrom took 17 student loans. In 2003 he consolidated these loans into a single unsubsidized federal consolidation student loan by executing a promissory note in the amount of $68,945.30. Appellee-Cross Appellant Educational Credit Management Corporation ("ECMC") holds the interest in this note.

During his studies, Ostrom discovered that he also suffered sleep-related health problems. In 1999, he was diagnosed with sleep apnea, a condition that causes him to stop breathing during sleep. As treatment, Ostrom received a breathing apparatus to wear while sleeping; however because Ostrom's weight forces him to sleep lying face-down, the apparatus, which fits as a mask, proved unusable. Ostrom's sleep conditions compounded in 2002 when he began suffering from insomnia. Ostrom contends that this insomnia is effectively untreatable in conjunction with his sleep apnea because any drugs that would

put him to sleep would also prevent him from awakening when his breathing stopped. As a result of his insomnia, Ostrom experiences impaired concentration and decreased functionality.

Despite these afflictions, Ostrom completed his degree programs and began his brief counseling career. From April through November of 2002, Ostrom was employed as an independent counselor for which he was paid $18,000.00. Subsequently, Ostrom was offered a counseling position at a state prison in Wyoming, however, Ostrom declined the job out of fear that the effects of his sleeping disorders would impede his counseling abilities. Ostrom sought no further employment in the field of counseling and now serves as the primary care giver to his elderly mother; he receives no compensation for this service.

On March 10, 2004, Ostrom filed a petition for relief under Chapter 7 of the Bankruptcy Code, and on June 14, 2004, he filed the adversarial proceeding underlying this appeal, seeking discharge of his student loan debt under 11 U.S.C. § 523(a)(8). Ostrom has never made payments on his loans. As of September 21, 2005, Ostrom owed $74,013.74 in loan debt, and the sum was accruing interest at a rate of 4%.

The bankruptcy court held a hearing on the issue on December 6, 2005, and denied Ostrom's petition to discharge his student loan debt in a ruling read into open court on February 28, 2006. It entered this ruling as a final judgment on March 24, 2006. Ostrom appealed the matter to the district court, which affirmed the bankruptcy court's judgment for the reasons stated by the bankruptcy court. Ostrom then appealed to this court.[1]

---

[1] ECMC also cross appealed an aspect of the bankruptcy court's ruling, but, as discussed infra, because we affirm the judgment below we need not address ECMC's cross appeal.

Analysis

Ostrom invokes Section 523(a)(8) of the Bankruptcy Code as the basis for discharging his student loan debt. Section 523(a)(8) excepts from discharge a loan made, insured, or guaranteed by a governmental unit, or made by a program funded in whole or in part by a governmental unit, unless excepting such debt from discharge will impose an undue hardship on the debtor. 11 U.S.C. § 523(a)(8). This provision covers Ostrom's federal student loans, so to receive a discharge Ostrom must demonstrate that his student loan debt imposes an undue hardship upon him. See In re Gerhardt, 348 F.3d 89, 91 (5th Cir. 2003).

As the measure for "undue hardship" in this context, we have adopted the test articulated in the Second Circuit's decision in Brunner v. New York State Higher Education Service Corp., 831 F.2d 295 (2d Cir. 1987). See In re Gerhardt, 348 F.3d at 91. Under the Brunner test, to show undue hardship a debtor must demonstrate three elements: (1) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loan, (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the loan, and (3) that the debtor has made good-faith efforts to repay the loan. Id.

Applying the Brunner test, the bankruptcy court found that Ostrom satisfied the first and third prongs but that Ostrom had not met the second prong because he presented no evidence, other than his own testimony, that his impairment was likely to persist well into the future and prevent him from

earning income sufficient to pay his student loans. The district court affirmed this finding, and Ostrom now challenges it before this court.

"In the bankruptcy appellate process, we perform the same function as did the district court: Fact findings of the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed de novo." In re Berryman, 159 F.3d 941, 943 (5th Cir. 1998). Here Ostrom contents only that the bankruptcy court erred in its factual finding that he could not fulfill the second Brunner prong, so we review that finding for clear error. "A factual finding is not clearly erroneous if it is plausible in the light of the record read as a whole." In re. Ramba, Inc., 416 F.3d 394, 402 (5th Cir. 2005).

The bankruptcy court's finding was not implausible in light of the record as a whole. The bankruptcy court relied on specific record evidence, and the lack thereof, to conclude that Ostrom had not established that he would be unable to make loan payments in the future. Specifically, the bankruptcy court noted that: (1) Ostrom presented no evidence, other than his own testimony, that any impairments to his earnings are likely to persist into the future, (2) Ostrom introduced no evidence that the effects of his sleeping problems preclude him from serving as a counselor, and (3) Ostrom was able to obtain a master's degree and serve as a private counselor despite his sleeping problems. Based on this record evidence, the bankruptcy court plausibly concluded that Ostrom had not demonstrated that his current financial state would continue well into the future, so it did not clearly err in finding that Ostrom had not fulfilled the second Brunner prong. Thus, we affirm the bankruptcy court's findings.

Because we can affirm the denial of Ostrom's petition on these grounds, we need not address ECMC's arguments that the district court erred in

affirming the bankruptcy court's finding that Ostrom satisfied the third prong of the Brunner test.

## Conclusion

For the foregoing reasons, we AFFIRM the judgment below.