In re Tawana Selena WILLIS, Debtor.

Tawana Selena Willis, Plaintiff,

v.

Educational Credit Management Corp., Defendant.

Bankruptcy No. 10–20594.
Adversary No. 10–06125.

United States Bankruptcy Court, D. Kansas.

Oct. 5, 2011.

Colin N. Gotham, Evans & Mullinix, P.A., Shawnee, KS, for Plaintiff.

Xpress Loan Servicing, Cleveland, OH, pro se.

N. Larry Bork, Topeka, KS, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT D. BERGER, Bankruptcy Judge.

Plaintiff/Debtor Tawana Willis moves for summary judgment on her declaratory judgment action against Education Credit Management Corp. (ECMC) seeking to discharge her student loans.[1] The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. The motion for summary judgment is denied. This opinion constitutes the findings of fact and conclusions of law pursuant to Fed. R. Bankr.P. 7052 and 7056.

### Findings of Fact

Debtor filed a Chapter 7 bankruptcy petition on March 5, 2010. Between 1996 and 1998, Debtor attended Computer Learning Center (CLC). Debtor owes ECMC approximately $33,931.48 for student loans associated with her attendance at CLC.[2] CLC closed January 22, 2001. Debtor consolidated her loans in 2006 and

---

1. Doc. No. 27.

2. While this amount is uncontroverted in the summary judgment pleadings, a subsequent pre-trial order states the amount is $27,681.24 as of January 30, 2011.

has not made any payments toward the loans post-consolidation.

Debtor earns $15.70 per hour working for Home Depot. This employment is Debtor's sole source of income. Debtor is single and has no dependents. She has worked for Home Depot for at least 12 years, and her income steadily increased each year for which she supplied tax returns.

Debtor claims her income and expenses are such that she cannot repay the student loans and still maintain a minimal standard of living. ECMC disputes Debtor's claims. The facts regarding Debtor's income and expenses are controverted.

## Conclusions of Law

### A. Summary Judgment Standard

Summary judgment is appropriate if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[3] The movant bears the burden of proving the absence of controverted facts.

### B. 34 C.F.R. § 682.402(d)

■ Debtor moves for relief pursuant to 34 C.F.R. § 682.402(d), which provides a student loan obligation may be discharged if the borrower "could not complete the program of study for which the loan was intended because the school at which the borrower (or student) was enrolled, closed, or the borrower (or student) withdrew from the school not more than 90 days prior to the date the school closed. This 90–day period may be extended if the Secretary determines that exceptional circumstances related to a school's closing would justify an extension."

This regulation does not apply. Debtor either graduated or withdrew from CLC more than three years prior to its closing. The regulation applies only if the student attended the school within 90 days of closing. Debtor has not obtained an extension of the 90–day requirement from the Secretary for the Department of Education. Debtor must exhaust her administrative remedies before applying for relief from the courts.[4]

### C. Undue Hardship under § 523(a)(8)

■ Section § 523(a)(8) provides for the discharge of a student loan debt if the debtor's continued repayment would result in an undue hardship on the debtor. To show undue hardship, the debtor must show (1) the debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents if forced to repay the loans; (2) additional circumstances exist indicating the state of affairs is likely to persist for a significant portion of the repayment period; and (3) the debtor has made good faith efforts to repay the loans.[5]

■ Debtor has failed to meet her burden of proving the absence of controverted facts as to each element of the Brunner Test. The record contains conflicting evidence regarding the state of Debtor's current income and expenses. The record contains conflicting evidence regarding the effect of CLC's closure on Debtor's attempts to seek more lucrative employ-

---

3. Fed. R. Bankr.P. 7056.

4. Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938).

5. *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir.1987); *Educational Credit Management Corp. v. Polleys*, 356 F.3d 1302 (10th Cir.2004).

ment. The record contains conflicting evidence regarding Debtor's repayment history. Accordingly, summary judgment is not appropriate based on the record before the Court.

## Conclusion

For the reasons set forth above, the Court DENIES the motion for summary judgment.

IT IS SO ORDERED.